HOROWITZ et al. v. OLENICK.

(Supreme Court, Appellate Division, First Department. June 21, 1901.)

REPLEVIN—CONVERTING PROPERTY—ARREST OF DEFENDANT—BAIL—FORM.
    Defendant was arrested, on an order in an action to recover possession of certain chattels, for concealing them to prevent their being taken under the writ. The order directed that defendant be held to bail in a certain sum. Held, that the bail required should be according to the

terms of Code Civ. Proc. §§ 149, 150, providing that a person arrested in a civil action may be admitted to the liberties of the jail on delivering to the sheriff a bond conditioned to remain a prisoner until discharged, and not the undertaking prescribed for the discharge of defendant by section 575, conditioned to deliver the chattel to the plaintiff if a delivery is adjudged, and to pay any sum recovered against defendant in the action.

Appeal from special term.

Action by Philip Horowitz and another against Moses L. Olenick. From an order overruling plaintiffs' objections to the form of defendant's undertaking on arrest, they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

M. D. Steuer, for appellants.
A. I. Spero, for respondent.

PATTERSON, J. The defendant was arrested upon an order issued in an action to recover the possession of certain chattels; it having been made to appear to the court that he had concealed, removed, or disposed of such chattels, so that they could not be found by the sheriff, and that such concealment or removal was made with intent that such chattels should not be found or taken, and to deprive the plaintiffs of the benefit of the writ. The order directed that the defendant be held to bail in the sum of $4,000. The defendant was taken into custody, and thereupon gave an undertaking, executed by himself and two sureties, which contains the following clauses, namely:

"Whereas, the above-bounden Moses L. Olenick is now a prisoner in the custody of the above-named William F. Grell, sheriff of the county of New York, by virtue of a certain order of arrest, and is admitted to the liberties for the jail of the said county of New York according to law: Now, therefore, the condition of the above obligation is such that if the said Moses L. Olenick shall remain a prisoner, and shall not at any time or in any manner escape or go without the liberties of the jail of the said county of New York, until discharged by due course of law, then the obligation to be void, or else to be and remain in full force and virtue."

The undertaking in this case was given pursuant to the terms of section 149 of the Code of Civil Procedure, which provides that a person in the custody of a sheriff by virtue of an order of arrest or of an execution in a civil action, or in consequence of a surrender in exoneration of his bail, is entitled to be admitted to the liberties of the jail upon delivering to the sheriff an undertaking as prescribed in the next section. The undertaking in this case complied with the requirements of section 150 of the Code of Civil Procedure, including the term that the defendant shall remain a prisoner; but upon its presentation to the court the plaintiffs gave notice to the sheriff that they excepted to the form of the undertaking given by the defendant, and to the sufficiency of the sureties thereon. The court overruled the objection to the form of the undertaking, and from that order the present appeal is taken.

It is insisted by the appellants that the undertaking is insufficient, and that the only proper undertaking to be given was one con-

forming to the requirements of section 575 of the Code of Civil Procedure. That section of the Code must be read in connection with the preceding sections, which refer to discharging, upon bail or deposit, a defendant who is under arrest. Section 573 provides:

"That the defendant at any time before he is in contempt * * * must be discharged from arrest either upon giving bail, or upon depositing the sum specified in the order of arrest. * * * "

Section 575 provides that:

"The defendant may give bail by delivering to the sheriff a written undertaking, in the sum specified in the order of arrest, executed by two or more sufficient bail, stating their places of residence and occupations, to the following effect: * * * Subd. 2. If the action is to recover a chattel, that the defendant will deliver it to the plaintiff, if delivery thereof is adjudged in the action, and will pay any sum recovered against him in the action."

The section cited relates to a discharge of the defendant from the custody of the sheriff. It refers to his being fully set at large and delivered from the process upon his giving adequate and satisfactory security for any judgment that may be recovered against him, either as to the specific delivery of a chattel, or the payment of a sum of money. A person giving an undertaking for the jail liberties is not discharged from arrest, nor generally set at large. As said in Peters v. Henry, 6 Johns. 123, prisoners in execution are within the prison while on the limits; and in Dole v. Moulton, 2 Johns. Cas. 205: "In all cases, therefore, where the security is offered, the four walls of the prison, according to the ancient law, are enlarged to the extent of the limits assigned by statute. * * * So that the limits are to be considered, in such case, as the prison;" and in Develin v. Cooper, 84 N. Y. 410: "Being out of jail on the liberties is, in the judgment of the law, being in prison." If these statements are correct, then, in judgment of law, it cannot be said that this defendant has been discharged. Unless section 575 of the Code of Civil Procedure is to be construed as depriving a defendant under arrest, in an action to recover a chattel, of the benefit of section 149, Id., there is no conflict between those sections. This defendant has not been held to bail so as to effect his discharge. He is still a prisoner. The defendant was entitled to the liberties of the jail, and the undertaking given for the purpose of securing his right was sufficient in form.

The order should be affirmed, with $10 costs and disbursements. All concur.