(54 Misc. Rep. 25.)

## PEOPLE v. MONACO.

(Supreme Court, Special Term, Jefferson County. April. 1907.)

EXECUTION—PRISON LIMITS—ENFORCEMENT OF GAME LAWS.

Under Laws 1900, p. 57, c. 20, § 189, providing that judgments recovered under the act for violation of the game law may be enforced by execution against the person, and that a person imprisoned under such execution shall be confined for not less than one day, and at the rate of one day for each dollar recovered, one so imprisoned is entitled to the liberties of the jail as provided by Code, § 149.

Vincenzo Monaco was arrested on an execution against the person issued on a judgment. Motion for peremptory writ of mandamus to the sheriff of Jefferson county. Granted.

Thomas Burns, for motion.
Fred B. Pitcher, opposed.

ROGERS, J. The defendant has been arrested by virtue of an execution against the person, issued on a judgment recovered for violating the forest, fish, and game law (Laws 1900, p. 57, c. 20) in shooting certain song birds, and he asks to be admitted to the liberties of the jail, claiming to have given the requisite undertaking entitling him to be so relieved. The people urge that, under section 189 of the statute referred to, he must remain within the confines of the jail walls one day for each dollar of the judgment.

The Code of Civil Procedure provides:

"A person in the custody of a sheriff, by virtue of an order of arrest; or of an execution in a civil action; or in consequence of a surrender in exoneration of his bail; is entitled to be admitted to the liberties of the jail, upon delivering to the sheriff an approved undertaking as prescribed in the next section." Code Civ. Proc. § 149.

The provision of the game law referred to is:

"Judgments recovered under this act may be enforced by execution against the person. A person imprisoned upon such an execution shall be confined

105 N.Y.S.—26

for not less than one day, and at the rate of one day for each dollar recovered. No person shall be imprisoned more than once or for more than six months on the same judgment   *   *   *."

Thus the question is presented whether the latter so differs from the Code provision as to deprive him of its benefit. One is a general rule of practice, and the other is special, applicable only to judgments recovered for a penalty under the act. There is, of course, no express modification or repeal of the Code provision, and, assuming that the two are irreconcilable, the latter must prevail; but the rule is one to be adopted only in extremis. People v. MacClave, 99 N. Y. 83, 89, 1 N. E. 235. Repeals by implication are not favored, and, unless clearly inconsistent, both provisions must be read together and effect given thereto. Wallace v. Swinton, 64 N. Y. 188, 194; People v. Smith, 69 N. Y. 175; People v. Canvassers, 77 Hun (N. Y.) 372, 375, 28 N. Y. Supp. 871.

Is there such inconsistency here as entitles the game law act to prevail over the Code? I do not so interpret the two provisions. This action was brought by service of a summons in the ordinary form, and was prosecuted according to the practice obtaining under the Code. It is not a criminal action, not instituted by warrant, indictment, or state writ, but a civil action, pure and simple, as defined by statute. Code Civ. Proc. § 3337. I am cited to Roosevelt v. Jacob, 1 Month. Law Bul. 75. It is said in that action, which was for a violation of the game law, and the defendant was charged in execution as in a civil action under the Code, that he was entitled to the liberties of the jail; but the "court was of the opinion if the defendant had been prosecuted for a penalty under the game law he would not have been so entitled." The report of the case is meager, and it is not quite apparent what question was presented, nor how it came up. The decision was in 1878, when the provisions of chapter 721, p. 1669, Laws of 1871, were in force. That statute was, "On the nonpayment of any judgment   *   *   *   the defendant shall be committed to the common jail," etc. (section 29), making no reference to an order of arrest or execution against the person. A husband in contempt for disobeying an order directing payment of counsel fees in a divorce action is not entitled to the jail liberties. Matter of Clark, 20 Hun (N. Y.) 551. But this is not pursuant to an execution against the person nor an order of arrest. The mandate of the court is enforced by warrant. Code Civ. Proc. §§ 1773; 2268, et seq. In People ex rel. Brown v. Van Hoesen, 62 How. Prac. 76, the defendant was imprisoned on an execution issued on a judgment recovered for a penalty under the excise law of 1857, which, in express terms, provided that a defendant so taken in execution should not be entitled to the liberties of the jail. It seems to me that neither of the authorities cited is applicable, certainly not controlling. In the eye of the law, a person in custody under an execution against the person is "imprisoned," notwithstanding he may have been admitted to the jail liberties. Horowitz v. Olenick, 62 App. Div. 283, 70 N. Y. Supp. 1116. So that it cannot be doing violence to the language of the game law itself to hold that the defendant is serving his time when upon the "limits." If the legislature intended he should

not have the benefit of section 149 of the Code of Civil Procedure, it would have been very easy to say so, as was done in the excise law of 1857. The omission is significant. Besides, the proceeding against the defendant is one involving his liberty, and the penal statute invoked by the people must be strictly construed. People v. Rosenberg, 138 N. Y. 410, 415, 34 N. E. 285. While violations of this law merit and should receive punishment, it must be in such manner as the statute has provided.

In my opinion the provisions of section 149 are applicable, and, therefore, the writ of mandamus is granted.

Writ granted.