(153 App. Div. 418.)

In re REMSEN AVENUE IN CITY OF NEW YORK. (Appeal No. 1.)

(Supreme Court, Appellate Division, Second Department. November 22, 1912.)

1. STATUTES (§§ 274, 276*)—REPEAL.

Although Statutory Construction Law (Laws 1892, c. 677) § 31, provides that the repeal of a statute shall not impair any act done or right accruing prior to such repeal but that the same may be enforced as if such repeal had not been effected, Act May 4, 1900 (Laws 1900, c. 765), a special act providing for the improvement of a street, which declared in section 10 that all inconsistent acts were repealed, nullified a proceeding brought under the general law for the improvement of that street; the rule stated in the Statutory Construction Law not being effective to alter the express declaration of the special act or the usual rule that a subsequent special act supersedes an earlier general one.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 366, 367, 371–373; Dec. Dig. §§ 274, 276.*]

2. STATUTES (§ 169*)—REPEAL—EFFECT.

Under General Construction Law (Consol. Laws 1909, c. 22) § 90, providing that the repeal of any statute which repealed a prior statute does not revive such prior provisions, the repeal by Laws 1911, c. 847, of Laws 1900, c. 765, providing specially for the improvement of a street, and in section 10 repealing all inconsistent acts, does not revive the general laws which would otherwise govern the improvement.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 246, 247, 250; Dec. Dig. § 169.*]

Appeal from Special Term, Kings County.

In the matter of the application of the City of New York relative to acquiring title to the lands required for the opening of Remsen Avenue. From an order denying confirmation of the report of the commissioners of estimate and assessment, the City appealed. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Edward Riegelmann, of New York City (Howard L. Campion, of New York City, on the brief), for appellant.

Ferdinand Pecora, of New York City, for respondents Elwood Realty Company and others.

Benjamin Trapnell, of New York City (Joseph A. Flannery, of New York City, on the brief), for respondents Greater New York Development Co. and others.

Charles S. Taber, of Brooklyn, for respondents Curtin and others.

Hugo Hirsh, of Brooklyn (Herbert Andrews, of Brooklyn, of counsel), for respondents Henderson and others.

HIRSCHBERG, J.   The order under review denies a motion duly made to confirm a report of commissioners of estimate and assessment duly appointed for the opening of a portion of Remsen avenue in the borough of Brooklyn. It is undisputed that the appointment of the commissioners was made and that their proceeding was instituted and carried on pursuant to the provisions of the Greater New York Charter in effect at the time the proceeding was commenced.    Subchapter 17, c. 378, Laws 1897, § 970 et seq.   The proceeding was instituted on the 17th day of May, 1899; the board of public improvements of the city having adopted a resolution on that day requesting the corporation counsel to institute the necessary legal proceedings to enable the city to acquire title to the lands required for the opening of the portion of Remsen avenue in question, such resolution being made pursuant to a petition of certain of the property owners interested.   Pursuant to the resolution, commissioners of estimate and assessment were duly appointed by order of the Supreme Court on the 19th day of February, 1900.   The commissioners duly organized, as required by law, on the 26th day of February following. By the terms of the resolution and in accordance with the provisions of the charter the entire cost and expense of the proceedings were to be assessed upon the owners of the property deemed to be benefited by the improvement.

No proceedings subsequent to the organization of the commissioners appear to have been taken by them until the 23d day of February, 1905, when the first publication was made by them of a notice of their appointment, requiring parties interested in the proceeding to file their claims, and designating a time and place when and where hearing was to be had in reference thereto.   The report of the commissioners was made on the 20th day of April, 1909, and the said report was duly presented to the Special Term for confirmation on the 25th day of May, 1909.

[1]  On the 4th day of May, 1909, chapter 765 of the Laws of 1900 became a law, being an act providing for the opening, laying out, and improving of Remsen avenue in the borough of Brooklyn. It seems to be undisputed that that act specifically provided for the same improvement which was the object of the appointment of the commissioners heretofore referred to, who had been appointed under the general provisions of the charter, as stated.   The special act provided in substance that the board of public improvements of the city

of New York should lay out, open, and improve the portion of Rem-sen avenue referred to as a public street, upon the petition of the local board having jurisdiction under the charter; that the proceed-ings to acquire the title to the. lands required for the improvement should be taken as prescribed in the Greater Charter, but that the cost and expense of the proceedings should be levied and assessed, one-third upon the owners of the property deemed benefited thereby, and the remaining two-thirds upon the city. By section 10 of the special act it was provided that:

"All acts and parts of acts inconsistent with this act are hereby repealed."

The contention on the part of the appellant is that the special act did not impair the proceedings instituted by virtue of the provisions of the charter, and that such proceedings could be prosecuted to a final determination, the same as though the special act had not been passed. In this contention reliance is placed on the terms of section 31 of the Statutory Construction Law in effect at the time of the en-actment of the special act, namely, chapter 677 of the Laws of 1892. So far as appropriate, section 31 of the Statutory Construction Law then in force reads as follows:

"The repeal of a statute or part thereof shall not affect or impair any act done or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected; and all actions and proceedings, civil or criminal, commenced under or by virtue of any provi-sion of a statute so repealed, and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as they might if such provisions were not so repealed."

I do not think the contention of the appellant is sound. That provision can have no controlling force upon a special act duly and regularly adopted by the Legislature, providing in express terms a definite scheme for the opening of a particular street in the city. Otherwise the effect would be to render the act of the Legislature nugatory and abortive. It may well be that the final act would not interfere with rights which were vested at the time of its passage, but the power of the Legislature to provide a distinct and definite scheme for the opening of the street could not be destroyed or taken away by any possible scheme of mere statutory construction. The special act must be deemed to supersede the general law, and for the purpose of such act the Statutory Construction Law must be deemed to be repealed, as well as the general provisions of the City Charter.

The general rule that later special statutes predominate over prior general statutes was asserted by the Court of Appeals in Matter of Murray Hill Bank, 153 N. Y. 199, 210, 47 N. E. 298, 300; Judge Vann writing for the unanimous court:

"Thus it appears that the special proceeding, commenced by the directors to dissolve the bank, was based upon a general act passed in 1880, applying to substantially all corporations, while the action commenced by the Attor-ney General, although regulated by the Code, was based upon a special act, applying to banking and kindred corporations only, passed in 1892. Laws 1880, c. 178; Laws 1892, c. 689. The precise question presented for decision is whether the action, although begun after the special proceeding, took pri-

ority thereto, owing to the possession taken by the bank superintendent of 'the property and business' of the bank, with authority to retain possession thereof until the termination of the action brought by the Attorney General in the name of the people. So far as the special and later statute is necessarily inconsistent with the general and earlier statute, the provisions of the former are paramount. Townsend v. Little, 109 U. S. 504 [3 Sup. Ct. 357, 27 L. Ed. 1012]; Titcomb v. Union, etc., Ins. Co., 8 Mass. 326; Isham v. Bennington Iron Co., 19 Vt. 230; Crane v. Reeder, 22 Mich. 322; State ex rel. Fosdick v. Perrysburg, 14 Ohio St. 472; London, C. & D. R. Co. v. Wandsworth Board of Works, L. R. 8 C. P. 185; Dwarris on Statutes, 513, 668. In order to avoid a repeal by implication, which is not favored by the courts, the later act, or the particular provision, is regarded as an exception to the earlier statute, or the general provision. Thus a learned author says that the later statute 'is regarded as modifying the earlier in some particular respect, or taking certain things out of its operation.' Endlich's Interpretation of Statutes, § 215. 'If there are two acts,' he continues, 'or two provisions in the same act, of which one is special and particular, and clearly includes the matter in controversy, whilst the other is general, and would, if standing alone, include it also, and if, reading the general provision side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision, it must be taken that the latter was designed as an exception to the general provision, as where an incorporation law contains provisions regulating the bringing of actions against corporations created under it, at variance with earlier provisions upon the subject of suits against corporations generally.' Id. § 216."

[2] In connection with the appeal herein, an appeal was argued at the same time from an order in the same proceeding, which denied a motion for the vacation of the order refusing to confirm the report and for a reargument of that motion. It appears, from the papers presented on that appeal, that on two occasions after the passage of the special act, in the summer of 1900 and in the fall of 1902, the proper local board having jurisdiction duly petitioned the board of public improvements of the city to lay out and improve Remsen avenue in accordance with the provisions of the special act, but that the board of public improvements took no steps in response to such petitions. The motion for a reargument was based upon the fact that by chapter 847 of the Laws of 1911, the special act hereinbefore referred to was duly repealed. I do not think that repeal changes the situation or the legal effect of the proceedings. By section 90 of the General Construction Law now in force (chapter 22, Con. Laws; Laws 1909, c. 27), it is provided that:

"The repeal hereafter or by this chapter of any provision of a statute, which repeals any provision of a prior statute, does not revive such prior provision."

The order should be affirmed.

Order affirmed with $10 costs and disbursements.

BURR, WOODWARD, and RICH, JJ., concur. THOMAS, J., not voting.