(174 App. Div. 287)

In re LOCKE.

PEOPLE v. LOCKE.

(Supreme Court, Appellate Division, Fourth Department. July 6, 1916.)

EXECUTION ☞422—BODY EXECUTION—DEBTORS—DISCHARGE FROM IMPRISONMENT.

Conservation Law, § 28, as added by Laws 1912, c. 444, declares that judgments recovered under the chapter may be enforced against the person as provided by the Code of Civil Procedure, that a person taken into custody upon execution shall be confined at the rate of one day for each $1 of the amount of the judgment, but no person shall be imprisoned more than once, or for more than six months, on the same judgment. The Debtor and Creditor Law (Consol. Laws, c. 12) and Code Civ. Proc. § 111, prohibits the imprisonment of a debtor for more than 3 months under a judgment for less than $500. *Held*, that as the two laws are entirely antagonistic, and the Conservation Law prescribes a different standard, the Debtor and Creditor Law is inapplicable to imprisonment on execution issued under the Conservation Law; that being the later statute.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1208; Dec. Dig. ☞422.]

Kruse, P. J., dissenting.

---

Appeal from Chautauqua County Court.

In the matter of the application of Harry Locke, as judgment debtor, for discharge from imprisonment by virtue of an execution issued in a civil action in the Erie Special Term of the Supreme Court entitled "People of the State of New York against Harry Locke." From an order discharging applicant from imprisonment, the People appeal. Order reversed, with directions.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Walter F. Hofheins, of Buffalo, for the People.
Thomas H. Larkins, of Dunkirk, for respondent.

LAMBERT, J. The respondent has been in confinement under a body execution issued upon a judgment recovered in this action for a penalty under the Conservation Law. He seeks and has been accorded a discharge, under the provisions of article 5 (sections 120 to 139, inclusive) of the Debtor and Creditor Law.

The state contends that the application for discharge fails to embody many essentials of the Debtor and Creditor Law. In such contention there seems to be some considerable merit. However, the County Court had before it all the parties, and the respondent was examined as to the jurisdictional facts which led to the making of the order appealed from, and we prefer to assume, for the purposes of this appeal, that the application embodied all jurisdictional matters provided for by the Debtor and Creditor Law.

The order appealed from must be reversed, however, for a more substantial reason. The recovery is under the Conservation Law (Laws 1912, c. 444), and by section 28 of that law it is enacted:

"Judgments recovered under this chapter may be enforced * * * against the person as provided by the Code of Civil Procedure. A person taken into custody upon such an execution shall not be admitted to the liberties of the jail and shall be confined for not less than one day, and at the rate of one day for each dollar of the amount of the judgment recovered. No person shall be imprisoned more than once, or for more than six months on the same judgment. Imprisonment shall not operate to satisfy a judgment."

By this section it will be observed that a definite term of imprisonment is provided. It is expressly therein required that, except for prior satisfaction of the judgment by payment, the debtor shall earn his discharge by serving a day for each dollar of the judgment, with the sole limitation that the total imprisonment shall not exceed 6 months.

By section 111 of the Code of Civil Procedure it is provided that no person shall be imprisoned in any jail for more than 3 months under an execution to enforce the recovery of a sum of money less than $500 in amount. And by the provisions of the Debtor and Creditor Law above referred to a scheme is provided, in conjunction with the above Code provision, whereby an imprisoned debtor may procure a discharge prior to the expiration of 3 months, by turning over all his property to a trustee for his creditors.

It will be observed that section 111 of the Code of Civil Procedure fixes only a maximum of imprisonment. It leaves the term entirely open, except that such term shall not exceed 3 months. It thus leaves room for the application of the Debtor and Creditor Law in effecting an earlier discharge. The different schemes of the two statutes cannot be reconciled. To give effect in this case to the provisions of the Debtor and Creditor Law and section 111 of the Code of Civil Procedure is to render nugatory the requirement of section 28 of the Conservation Law, that the debtor earn his discharge by serving a day for each dollar of the judgment.

The Debtor and Creditor Law is a general statute, by which provision is made touching imprisonment and discharge of debtors confined upon body executions. It is not limited in its scope to any particular class of persons or particular judgments. On the other hand, the Conservation Law deals with the same subject, but only as applied to judgments recovered thereunder. Inasmuch as the differences between the two statutes cannot be reconciled, within its limits, the specific provision in the Conservation Law must control. People v. Monaco, 54 Misc. Rep. 25, 105 N. Y. Supp. 401; Matter of Murray Hill Bank, 153 N. Y. 199, 47 N. E. 298; Matter of City of New York, 153 App. Div. 418, 138 N. Y. Supp. 594; People v. Young & Mealy, 153 App. Div. 567, 138 N. Y. Supp. 50, affirmed 207 N. Y. 522, 101 N. E. 451.

The power of the Legislature to make different provision for the enforcement of judgments under the Conservation Law cannot be doubted. That statute deals with more than the mere question of collection of debt. Public policy is involved. The general object sought is the prevention of violations. The great state of New York may not be considerably interested in the collection of penalties of the size involved here. It is and should be deeply concerned in so treating this case as to procure therefrom a deterrent effect as against future violations.

These considerations necessitate a reversal of the order appealed from, with costs of this appeal, and the respondent should be remanded to the custody of the sheriff of Chautauqua county, under the execution and process heretofore issued in enforcement of this judgment. All concur, except

KRUSE, P. J. (dissenting). Section 1372 of the Code of Civil Procedure provides that an execution against the person must substantially require the sheriff to arrest the judgment debtor and commit him to the jail of the county until he pays the judgment or is discharged according to law. That is the form of the execution in this case. Section 120 of the Debtor and Creditor Law provides that a person imprisoned by virtue of an execution to collect a sum of money, issued in a civil action or special proceeding, may be discharged from the imprisonment as therein described. By section 28 of the Conservation Law judgments recovered under that act may be enforced by execution against the person as provided by the Code of Civil Procedure. It further provides that a person taken into custody upon

such an execution shall not be admitted to the liberties of the jail, and shall be confined for not less than one day, and at the rate of one day for each dollar of the amount of the judgment recovered. But there is no provision in the Conservation Law that a judgment debtor may not be discharged from imprisonment under the Debtor and Creditor Law, and no good reason exists, as it seems to me, why that law should not apply, especially in view of the fact that the judgment debtor in this case is liable to be prosecuted criminally for a misdemeanor and be punished by fine and imprisonment. People ex rel. Olsen v. Sheriff of Erie County, 160 N. Y. Supp. 427, decided by this court June 14, 1916, not yet officially reported. If the fine had been imposed upon a conviction for a misdemeanor, of course the Debtor and Creditor Law would have no application; but, as before stated, the execution is issued to recover a money judgment in a civil action, and I am unable to perceive why the Debtor and Creditor Law should not have full application.

I therefore vote to affirm the order.