(97 South. 64)

### GARRISON v. WOODWARD IRON CO.

### WOODWARD IRON CO. v. GARRISON.

### (6 Div. 826.)

(Supreme Court of Alabama. June 21, 1923.)

Master and servant ⬌386(1)—Computation of compensation for the death of employee in spasmodic employment approved.

The method provided in Workmen's Compensation Act of 1919, § 13g, for computing injured employee's average weekly earnings as the basis of compensation, where the employment is less than 52 weeks, is not mandatory, as it gives the court the right to determine if the method of dividing employee's earnings will produce just and fair results, and therefore, where deceased had worked only 18 weeks before his injury in a spasmodic employment, an award not arrived at by this method but based on the earnings of another employed by different employer, though the amount fixed by the court was not identical to such earnings, was authorized.

Certiorari to Circuit Court, Jefferson County; Dan A. Greene, Judge.

Proceeding under the Workmen's Compensation Act by Rosa Garrison against the Woodward Iron Company. Both plaintiff and defendant petition for certiorari to review and revise the judgment and finding of the circuit court. Writs denied.

William Vaughan and David S. Anderson, both of Birmingham, for appellant.

The court should have followed the method provided by the fifth sentence of section 13 (g) of the act. Acts 1919, p. 216.

B. J. Dryer, of Birmingham, and Huey & Welch, of Bessemer, for appellee.

---

⬌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
1 209 Ala. 91.

In this case, there being a method devised by the statute that could be followed and that was practicable, the court had no authority to refuse to follow such methods. Acts 1919, p. 216 (g), § 13; 2 Schneider on W. C. A. 1117; Nelson v. John B. Honor Co., 143 La. 629, 79 South. 170; McQuirt's Case, 141 La. 586, 75 South. 419.

ANDERSON, C. J. Mrs. Rosa Garrison sued under the Workmen's Compensation Act for herself and children as dependents, for the death of her husband, who was killed while in the employment of the Woodward Company. The trial court found for the plaintiffs, and as to this there is no controversy, but both sides are dissatisfied as to the amount awarded and the method pursued by the trial court in arriving at same, and each seeks a correction of the judgment in this respect. It therefore becomes necessary for us to construe or interpret subdivision (g) of section 13 of the Workman's Compensation Act of 1919, p. 216, which said subdivision reads as follows (the numbers being supplied by us):

"[1] Compensation hereunder shall be computed on the basis of the average weekly earnings. 'Average weekly earnings' shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury divided by fifty-two; [2] but if the injured employee lost more than seven consecutive calendar days during such period although not in the same week, then the earnings for the remainder of such fifty-two weeks shall be divided by the number of weeks remaining after the time so lost has been deducted. [3] Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof which the employee earned wages shall be followed, provided results just and fair to both parties will thereby be obtained. [4] Where by reason of the shortness of the time during which the employee has been in the employment of his employer, or the casual nature or terms of the employment, it is impracticable to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks prior to the injury was being earned by a person in the same grade, employed in the same work by the same employer; [5] and if there is no such person so employed, by a person in the same grade employed in the same class of employment in the same district. Wherever allowance of any character made to an employee in lieu of wages are specified as part of the wage contract, they shall be deemed a part of his earnings."

It may be conceded that subdivisions 1 and 2 are mandatory, and that the method of computation there required is exclusive, but the trial court found, and both sides agree, that the deceased employee did not come within these provisions, as the duration of his employment was only about 18 weeks prior to his death. The defendant contends that he did fall within the class covered by subdivision 3, and that the trial court was confined to the method of computation there provided in the ascertainment of the amount of the award, and, not having done so, the award is excessive and should be corrected by this court. It must be observed that the method provided in this subdivision is not mandatory, as it contains a proviso giving the trial court the right to determine if said method will produce just and fair results to both parties. The trial court in effect found that, owing to the brevity of the employment, the spasmodic and interrupted nature of same, due to industrial conditions then existing, the method there set forth would not furnish a just and fair basis of the average weekly earnings of the intestate, and we cannot hold, as matter of law, that the trial court was wrong in this respect. There was no room for the trial court to apply the rule as suggested in subdivision 4, as it found no other employee of this defendant came within the influence of same, and this finding is not questioned.

The plaintiff, however, contends that while her intestate did not fall within the influence of subdivisions 1, 2, 3, or 4, that the award should have been computed under subdivision 5, as there was proof of the earnings of one George Green of the same grade of the intestate, in the same class of employment, but by a different employer, in the same district. It must be noted that so much of the provision as deals with cases falling under subdivisions 4 and 5 does not make it a hard and fast rule on the trial court to award the same wages or earnings as those earned by others there referred to. It simply requires that the court must have "regard" to such average weekly earnings of others in making an award in the instant case, but does not mean that the amount fixed must be identical to the weekly earnings of the others. In other words, it must be regarded as an evidential, though not conclusive, factor, in the ascertainment of the award in hand, taking into consideration, of course, any physical differences such as the interruption or constancy in the respective employments.

We are not, therefore, inclined to hold that the method pursued in arriving at the amount of the award or that the sum so allowed was contrary to the statute, and both writs are denied, the cost of the proceedings in this court to be equally divided between the plaintiff and defendant.

Writ denied.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.