(104 So. 829)

## Ex parte HODGES.   (6 Div. 386.)

(Supreme Court of Alabama.   May 28, 1925. Rehearing Granted June 20, 1925.)

On Rehearing.

1. **Master and servant** ⬅386(1)—Only periods of consecutive off days considered in determining average weekly wages.

In calculating average weekly wages of employé, under Workmen's Compensation Act, § 13, subd. (g), only periods of off days to be considered are those found by trial court to be of consecutive days.

2. **Master and servant** ⬅386(1)—Only off day periods of more than 7 days considered in determining average weekly wages.

In determining the average weekly wages of employés, under Workmen's Compensation Act, § 13, subd. (g), only off day periods of more than 7 consecutive days can be considered, and off periods should be first aggregated, and whole number of days then reduced to weeks and deducted from 52, to ascertain number of weeks employé has worked.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Petition of Mattic Hodges for certiorari to the circuit court of Jefferson county to review the judgment there rendered in a proceeding by Mattie Hodges against the Republic Iron & Steel Company, under the Work-

men's Compensation Act. Affirmed on rehearing.

W. A. Denson, of Birmingham, for appellant.

The trial court erred in its calculation. The amount earned should be divided by the number of weeks worked in arriving at the average weekly earning.

Percy, Benners & Burr and Salem Ford, all of Birmingham, for appellee.

The finding by the trial court is conclusive. Ex parte Thomas, 209 Ala. 276, 96 So. 233; Ex parte Coleman, 211 Ala. 248, 100 So. 114. Only periods of 7 consecutive days off are counted.

SOMERVILLE, J. The finding of the trial court as to the compensation to which the plaintiff is entitled is thus stated in the judgment entry:

"The court finds that said J. A. Hodges worked for the defendant during the year immediately preceding his death 125 days and was off 240 days, and he was paid by the defendant for said 125 days labor $471, and included in said time off were 18 separate periods of 7 consecutive days.

"The court further finds that the average weekly earnings of the said J. A. Hodges for 52 weeks preceding his death was $13.85; same being arrived at by dividing $471 by 34 weeks, being 52 weeks less 18 weeks, that the plaintiff, his widow, is entitled to 30 per cent. of said wages, or a minimum payment of $5 per week for 300 weeks from August 4, 1924."

The court also found that the employé worked for the defendant during the 52 weeks immediately preceding his death, and lost consecutive days of time from his work during that period as follows: 15, 5, 9, 30, 8, 8, 9, 10, 10, 8, 64, 5, 5, 7, 6, 8, 7, 6, 19, and 3 days—between which off periods he worked 125 days.

Section 13, subdivision (g) of the Workmen's Compensation Acts (Acts 1919, p. 216; Code 1923, § 7551) provides:

"Compensation hereunder shall be computed on the basis of the average weekly earnings. Average weekly earnings shall mean the earnings of the injured employé in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury divided by fifty-two; but if the injured employé lost more than seven consecutive calendar days during such period although not in the same week, then the earnings for the remainder of such fifty-two weeks shall be divided by the number of weeks remaining after the time so lost has been deducted. Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof which the employé earned wages shall be followed, provided results just and fair to both parties will thereby be obtained. Where by reason of the shortness of the time during which the employé has been in the employment of his employer, or the casual nature or terms of the employment, it is impracticable to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks prior to the injury was being earned by a person in the same grade, employed at the same work by the same employer, and if there is no such person so employed, by a person in the same grade employed in the same class of employment in the same district. Wherever allowances of any character made to an employé in lieu of wages are specified as part of the wage contract, they shall be deemed a part of his earnings."

If the employé loses no period of time exceeding 7 consecutive days, his total earnings for the year must be divided by 52 to determine his average weekly earnings. If he loses one or more periods of more than 7 consecutive days, the number of weeks so lost must be deducted from 52, and his total earnings for the 52 weeks must be divided by the remaining number of weeks.

In the instant case, the employé lost 12 periods exceeding 7 days each, aggregating 197 days, and amounting to 28 weeks; fractions being disregarded. Deducting 28 from 52, we have 24 working weeks for a divisor, and the average weekly earnings on that basis is $19.62. Thirty per cent. of this sum is $5.88, which, under our construction of the statute, is the correct amount of weekly compensation the widow is entitled to receive.

The judgment of the trial court will be corrected so as to allow $5.88 per week instead of $5; and, as corrected, the judgment will be affirmed at the cost of appellee.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

## On Rehearing.

SOMERVILLE, J. [1, 2] Counsel for appellee are correct in their contention that the only periods of off days to be considered in calculating the average weekly wages of the employé are those found by the trial court to be of consecutive days. We were in error in including in our calculation several off periods not noted by the court as including consecutive days, and we must therefore restate our findings. There were only 5 off periods which included more than 7 consecutive days. These periods aggregate 127 days, or 18 weeks. These 18 weeks must be deducted from 52, leaving 34 as the divisor of the total earnings, and the result is that the average weekly wage ascertained by the trial court, and the allowance adjudged, were correct in amount, and must therefore stand, although the method of calculation was erroneous. It was erroneous in that it included 7-day off periods, whereas, the statute pre-

scribes off periods of "more than 7" days. It was erroneous also in reducing each separate off period to weeks and discarding the odd days, whereas, we think, the better and fairer construction of the statute requires that the off periods ,be first aggregated, and the whole number of the days be then reduced to weeks; the number of weeks thus ascertained being deducted from 52, to ascertain the number of weeks the employé has worked. In the estimation of the statute, this employé worked 34 weeks, although in fact he worked only 125 days.

Since the award of the trial court is not changed by the appeal, the judgment must be affirmed as to that. The correction relates only to the process to be employed, and the costs of the appeal must be taxed against the appellant.

All the Justices concur.