(134 So. 855)
## ODOM v. GALLOWAY COAL CO.
6 Div. 812.

Supreme Court of Alabama.
May 21, 1931.

J. B. Powell, of Jasper, for appellant.

BOULDIN, J.

This is a workman's compensation case to ascertain the compensation due the dependent wife and children upon the death of the employee by accident arising out of and in the course of his employment.

The finding of facts is not questioned. The amount of compensation fixed or authorized by law under the facts is the sole question for review. The employment had continued for the full period of 52 weeks, but within that period the deceased had worked only 166 days.

The governing statute in such case reads: "Compensation hereunder shall be computed on the basis of the average weekly earnings. Average weekly earnings shall mean the earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury divided by fifty-two; but if the injured employee lost more than seven consecutive calendar days during such period although not in the same week, then the earnings for the remainder of such fifty-two weeks shall be divided by the number of weeks remaining after the time so lost has been deducted." Section 7551, subd. (g), Code of 1923.

**119**

Without dispute, the trial court followed this statute, figuring time off as per the rule declared in Ex parte Hodges, 213 Ala. 388, 104 So. 829.

The point raised grows out of certain additional findings of fact to the following effect: The deceased employee was an unusually active and industrious young man; during the 52-week period next before his death he worked at other employments than that for defendant, namely, rural mail carrier, secretary, Woodmen of the World, secretary, Ladies' Auxiliary W. O. W., and insurance salesman, from all of which he derived additional earnings in excess of that paid by defendant to him as an employee in coal mining.

The contention is that all these earnings are lost to his dependents by the hazard of his employment in the coal mines, and the spirit of the Compensation Law demands these other earnings shall be considered. Ex parte De Bardeleben Coal Co., 212 Ala. 533, 103 So. 548, and Garrison v. Woodward Iron Co., 210 Ala. 45, 97 So. 64, are relied upon.

One trouble (not to consider others) is, that these cases and the later case of County Coal Co. v. Bush, 215 Ala. 25, 109 So. 151, were governed by other provisions of Code, § 7551, subd. (g), covering cases where the employment has existed for a period of less than 52 weeks, in which cases the court is given some discretion in working out a just basis of compensation. These same cases recognize the formula above quoted as mandatory in cases where the employment has covered the full period of 52 weeks next before the injury.

In such case the statute expressly bases compensation on earnings "in the employment in which he was working at the time of the injury." No room for construction is left. The same policy is clearly shown in cases of joint employment, where only one employer is subject to the compensation law. The compensation is proportioned to the earnings received from that employer who was under the Compensation Law. Code, § 7565.

If compensation under our law was based solely on the earnings lost to dependents by reason of the employee's death, the case would be different.

But manifestly the benefits accruing from the employment to the employer carrying the compensation burden is also regarded under our statute, and compensation is based on earnings in that employment, fixed generally on a fifty-fifty basis with maximum and minimum limits, and certain differentials in cases of dependent minor children.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.