164 So. 219

## HILL GROCERY CO. v. LIGON.
### 6 Div. 833.

Supreme Court of Alabama.
Oct. 17, 1935.

Benners, Burr, McKamy & Forman and Grady W. Patterson, all of Birmingham, for petitioner.

142

W. A. Denson, of Birmingham, for respondent.

Brief did not reach the Reporter.

THOMAS, Justice.

■ The rule of Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91, and the cases following thereafter, is to the effect that this court will not review the finding of facts made by the Court of Appeals; that this court will not look to the bill of exceptions or other record than the opinion of the Court of Appeals to determine the facts in the case; and that if there is any evidence determined by that court to support the judgment, it will not be disturbed. Where, however, the facts are determined by the Court of Appeals and set out in the opinion, and that court misapplies the law to the facts so determined and set out, it is the duty of this court in its supervisory capacity to correct such erroneous conclusions.

The opinion of the Court of Appeals found and stated the facts as to the instant disability to be that the index finger, the middle finger, and the third finger on the hand were amputated as the result of the accident; that the little finger and thumb on that hand were left and not injured.

The opinion further finds that: "Dr. W. T. Berry testified respecting the injury as follows: 'I examined this boy, Paul Ligon. I think the hand is practically useless. I would say it is permanently and totally disabled. * * * I find that he has his middle finger, ring finger, and first finger off. * * * There is no injury to the little finger. I think the little finger is all right and is intact. * * * The thumb seems to be all right. I don't think any part of the thumb is missing. * * * I don't notice any injury to the body or palm of the hand, the palm surface of the hand. * * * I don't think what he has left of the hand will be of any service to him whatever. * * * For working purposes he is totally disabled with that hand on account of the cutting off of the three middle fingers.' The child's hand was exhibited to the court."

The conclusion announced which is urged as erroneous was: "We, therefore, conclude that the trial court correctly ruled that this child is entitled to recover for the loss of a hand, as the total loss of the use of a member is by the statute made equivalent to the loss of that member." That is, the finding was that the injury consisting of the loss of three fingers with no injury to the body or palm or other parts of the hand, as a matter of law, entitled that employee to compensation for the loss of the use of a hand. And we take it that the part of Dr. Berry's evidence to the effect that the hand was totally disabled on account of the cutting off of the three middle fingers impressed the lower court and the Court of Appeals to the misapplication of the law to the facts found and stated.

The Workmen's Compensation Act (Code 1923, § 7551, subsec. (c) contains a schedule of allowances on account of the loss of indicated members of the body.

■ The amount of compensation and duration of payment are specified by that statute as to each finger (or parts thereof) separately, and there is a specific provision for the loss of a hand. Thus the statute makes distinction between the hand as a member of the body and the fingers or phalanges thereof, forming component parts of the hand. Proportionate disability of the hand, as such, resulting from the loss of one or more of its fingers, is not therefore made a subject of inquiry—the fingers or parts thereof are treated by the statute as separate members. In case of a multiple loss of fingers or parts thereof, the aggregate allowance *is the aggregate of the allowances fixed for fingers or parts thereof, separately;* "but in no case shall the amount received *for more than one finger exceed the amount provided in this schedule for the loss of a hand.*"

Section 7551, subsec. (c), Code 1923. (Italics supplied.)

A further provision contained in subsection (c) of section 7551 is: "In all cases the permanent and total loss of the use of a member shall be considered as equivalent to the loss of that member, but in such cases the compensation in and by said schedule shall be in lieu of all other compensations." This provision is without application or service in a case such as this —on the undisputed facts found and stated by the Court of Appeals. Here, the three fingers that were severed (without other physical injury to the hand) are the members made the subject of inquiry, the basis of compensation therefor, and the duration of payment thereof for their loss, and not the loss of a hand. The loss suffered and the compensation therefor are specifically indicated by the statute, and there is no occasion to resort to the last cited provision of subsection (c), or other general provisions of the statute. And the mere opinion of the physician expressed and set out above as to the use of the hand cannot change or warrant the giving of other application of the specific provisions of the statute found by the Court of Appeals as the undisputed facts. That is, the conclusion or expressed opinion of the physician set out above from the opinion of the Court of Appeals will be disregarded within the definition of our cases of such matter. Stockburger Brothers et al. v. Aderholt, 195 Ala. 56, 58, 70 So. 157; Hicks v. Burgess, 185 Ala. 584, 64 So. 290; Ætna Explosives Co. v. Schaeffer, 209 Ala. 77, 95 So. 351; Spencer v. Blanke Mfg. & Supply Co., 220 Ala. 350, 124 So. 904.

The pertinent rule in this jurisdiction is that where the testimony of a witness is a mere opinion or conclusion which is contrary to and irreconcilably opposed to the clear and undisputed facts on which it is founded, such evidence raises no conflict with the stated facts. Ætna Explosives Co. v. Schaeffer, supra. Such opinion or conclusion of the physician in the case at bar will not be permitted to enlarge or change the application of specific provisions of the statute as applied to the undisputed facts found by the Court of Appeals. That is, the conclusion of the Court of Appeals, that the employee's hand was rendered useless by the injury in question, is based upon the testimony of the medical witness, quoted in the opinion. This testimony is in effect a bare conclusion of that witness that the loss of three fingers is equivalent to the loss of a hand, which is opposed to the undisputed facts found and shown; and also opposed to the express and unequivocal provisions of the statute.

The Court of Appeals has erroneously applied the law to the undisputed facts so declared. For the loss of the three middle fingers, the allowance is fixed by statute to be 50 per cent. of the average weekly earnings during 35 weeks, 30 weeks, and 20 weeks, respectively, for the three fingers that were severed, or a total of 85 weeks for the aggregate loss, and not for 150 weeks as allowed by the Court of Appeals.

The writ is therefore granted, and the cause is remanded to the Court of Appeals for further consideration.

Writ granted; reversed and remanded.

All the justices concur.