103 So.2d 315

BRUNSON MILLING CO., Inc.

v.

Fate GRIMES.

3 Div. 809.

Supreme Court of Alabama.

May 22, 1958.

396

Clyde P. McLendon and Hill, Hill, Stovall & Carter, Montgomery, for appellant.

Knabe & Nachman, Montgomery, for appellee.

STAKELY, Justice.

This is a suit under the Alabama Workmen's Compensation Law (Code of 1940, Title 26, § 253 et seq.), instituted by Fate Grimes (appellee) against his employer, Brunson Milling Company, Inc., a corporation (appellant) to recover compensation for injuries and resulting disability which he alleged was caused by an accident arising out of and in the course of his employment.

The circuit court found that Grimes was permanently disabled within the meaning of § 279(E) 3, Title 26, Code of 1940, as a result of said injuries. It awarded Grimes compensation for a period of 400 weeks at a rate of $24.50 per week, with deductions for payments of the employer prior to the date of judgment. From this judgment entered on July 9, 1957, appellant sought review in this court by certiorari, pursuant to Title 26, § 297, Code of 1940. Petition was granted by this court on August 8, 1957.

Tendencies of the testimony indicate the following: Grimes was employed by the Brunson Milling Company. Grimes was instructed to go into the basement or a lower floor of the building in which the defendant operated his business and clean out a machine called an "auger". While the plaintiff had his hand in the auger, cleaning it out, another employee turned on the power. Plaintiff's hand was caught, his arm was being pulled into the machine. With considerable effort, plaintiff wrenched his hand free. He was taken immediately to the hos-

pital by an agent of the defendant. After a period of time it became necessary because of a gangrenous condition to remove three fingers of the plaintiff's right hand,— the little finger, ring finger and middle finger. Plaintiff was right handed.

Expert medical witnesses were summoned by both parties to determine the extent of disability suffered by Grimes as a result of his injuries. Doctors testifying for the defendant estimated that Grimes' right arm was 80 to 85% disabled. One of the doctors, a specialist in orthopedic surgery, testified that in his determination of the extent of the plaintiff's injury, he had taken into account such injury as he considered in the plaintiff's shoulder, but that he considered there to be no severe injury to the shoulder.

The doctor who treated the plaintiff testified for the plaintiff and stated that in his opinion plaintiff's right arm was 100% disabled, that in addition there was an injury to the plaintiff's right shoulder and the upper part of his back. Testimony and X-rays revealed a curvature in the spine of the plaintiff to the right, that said curvature could have been caused or accentuated by the plaintiff's injury; that the right shoulder was lower than the left and that this difference could be due to the accident or to the plaintiff's favoring "his right hand." In addition to the loss of three fingers, the remaining fingers are not in a normal condition and there is permanent injury to the right wrist. Plaintiff was deemed able to pick up small objects with some difficulty with his remaining two fingers about a year after his injury and testimony revealed that the right arm is unsuited to manual labor.

Plaintiff cannot read or write. He is totally illiterate. During his entire life he has been able to perform only manual labor. His education stopped at the first grade. He was performing manual labor for the defendant at the time of his injury. On three occasions subsequent to the accident, the plaintiff solicited work from the defendant. The defendant stated that it had no work for him and defendant classed the plaintiff Grimes as a handicapped person. The doctors testified that Grimes' arm would gradually increase in strength but that it would be necessary for him to learn a skill or trade in order for him to find work. They could not suggest a job or employment for which he could be trained.

Grimes was forty-one years of age at the time of the trial. He is married and has ten children.

Plaintiff was earning 85 cents per hour at the time of his injury. He had just received a promotion to this amount beginning the week he was injured. The defendant presented a payroll record showing that the plaintiff had received a total of $801.86 for a 24 week period or an average of $33.41 per week. The court said that the plaintiff was totally disabled under the provisions of Title 26, § 279(E) 3, Code of 1940, as one permanently totally disabled under circumstances other than loss of members. The court below then computed the compensation to which the plaintiff was entitled under Title 26, § 279(G). The court found that the plaintiff was entitled to 65% of his average income under this section, which would be $21.72 per week for a period of 400 weeks. The court was of opinion that some adjustment should be made due to the raise that the plaintiff had received the week of his injury which raised his salary to $42.08. Sixty-five percent of $42.08 is $27.35. The court picked as the sum to which the plaintiff was entitled the median between the figures $21.72 and $27.35, which amounts to $24.50 per week.

The defendant has made payments to the plaintiff for a period of 62 weeks. These payments were subtracted from the amount adjudged to be due the plaintiff. Also a doctor bill of $500 was presented in court and the court ordered the defendant to pay this bill.

Appellant charges that the trial court erred in its method of computing the compensation allowable to the appellee. The

evidence is undisputed that the appellee was employed by the appellant for a period of less than 52 weeks next preceding his accident. Therefore, this case is not brought within the mandatory provisions of subdivision (G), § 279, Title 26, Code of 1940 as amended, and in which cases the method of computation is held to be exclusive. H. C. Price Co. v. Lee, 249 Ala. 230, 30 So.2d 579, 581.

■ Appellee was employed by appellant for only 24 weekly pay periods prior to his accident and is therefore not within such mandatory provision, but this case is brought within that portion of the same subdivision which reads:

. "Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof which the employee earned wages shall be followed, provided results just and fair to both parties will thereby be obtained."

The method of computing compensation provided in this subdivision is not mandatory, but gives the trial court the right to determine if said method will produce just and fair results to both parties. Garrison v. Woodward Iron Co., 210 Ala. 45, 97 So. 64, 65; H. C. Price Co. v. Lee, supra; Deaton Truck Line v. Acker, 261 Ala. 468, 476, 74 So.2d 717.

■ While some discretion is allowed the court under this subsection, the method therein established is not merely optional, but should be used unless substantial unfairness or injustice will result. We find no indication of an intention of the legislature to extend to the trial court the power whereby the court, after computing the compensation as prescribed in said section, can then adjust for a raise in pay received by the injured employee on the last week of his employment next preceding his injury, as was done by the court in the case before us. We conclude that the court exceeded its discretionary power in the way compensation was computed. We think the computation should be made in accordance with the principles hereinabove stated.

The appellant charges that there was no evidence presented upon which the trial court could reasonably base its ruling that the plaintiff was permanently totally disabled and that the court was not authorized to look beyond Title 26, § 279, subsection 1 of subsection (C) as amended, which provided for sums payable for partial disability for loss of particular members.

The scope of review by this court in such cases is clearly set out in Title 26, § 297, Code of 1940, as amended, and notes thereto. In Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 82 So.2d 204, 207, this court said:

"* * * Workmen's compensation cases are not triable de novo in this court on evidence taken below nor reviewed even as the finding of a judge sitting without a jury, as in ordinary trials at law or in equity upon testimony of witnesses examined before the court. Our duty in this type case is simply to ascertain whether there was any legal evidence to sustain the conclusion of the trial court. If any reasonable view of the evidence supports such conclusion, then the judgment will not be disturbed. * * *."

Numerous citations under the above code section support such rule.

■ It is equally well established that the Workmen's Compensation Act should be given a liberal construction to accomplish its beneficent purposes. Benson-Jackson-Mathers Post No. 5106 v. Donaldson, ante, p. 60, 99 So.2d 688.

■ We are of the opinion that there is evidence sufficient to sustain the ruling of the trial court. The court had the right to weigh and evaluate the testimony of the

witnesses, the question of which testimony was to be believed and whether such testimony was adequate for the trial court to determine the issues involved. Davis Lumber Co. v. Self, 263 Ala. 276, 82 So.2d 291.

Title 26, § 279(E) defines Total Permanent Disability in connection with loss of certain members or certain specific conditions such as total paralysis and § 279(D) sets out the allowable compensation for such disability. Title 26, § 279(E) 3, however, establishes a basis for compensation for total permanent disablity other than those set out in § 279(E). The lower court in determining the appellee to be permanently and totally disabled under the provisions of Title 26, § 279(E) 3, considered the education and the training of the appellee and the effect of his injuries on his earning ability. Appellant charges that these were improper considerations. The court properly included such consideration in the determination of the compensation to which the appellee was entitled.

"Ability to earn does not always mean earning capacity. But it carries the idea of ability to secure as well as to perform profitable employment, which may or may not be the full extent of earning capacity. While it is sometimes said that the purpose is to compensate the worker for decreased earning capacity, it also appears that such capacity must be measured by his average earnings, representing the reasonable value of his services, when he is making an honest effort to secure and perform work to the extent of his capacity to do so. * * *." Alabama By-Products Co. v. Landgraff, 248 Ala. 253, 27 So.2d 215, 219.

Our Workmen's Compensation Laws were adopted from the Minnesota Laws of Workmen's Compensation, M.S.A. § 176.01 et seq., and Minnesota construction of that law is of persuasive value to this court. Pow v. Southern Construction Co., 235 Ala. 580, 180 So. 288. The case of Lee v. Minneapolis Street Ry. Co., 230 Minn. 315, 41 N.W.2d 433, 434, is applicable to our situation. Here a streetcar flagman suffered the loss of his left eye, 75% disability of his left arm and 10% disability to his right ankle and foot. The Minnesota Supreme Court allowed the admission of evidence of sporadic employment of the injured party subsequent to his injuries to determine "whether the employe's disability is of such a character that he has no reasonable likelihood, while such disability continues, of being able to obtain and pursue an income-yielding occupation with reasonable continuity." In determining the employee as totally disabled, the court said:

"An employe who is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonable stable market for them does not exist, may well be classified as totally disabled."

See also Berg v. Sadler, 235 Minn. 214, 50 N.W.2d 266.

■ Total permanent disability may occur under the provisions of the Workmen's Compensation Act, Code of 1940, Title 26, § 279(E) 3, without loss of specific members of the body. Ford v. Crystal Laundry Co., 238 Ala. 187, 189 So. 730; Alabama By-Products Co. v. Landgraff, supra; Berg v. Sadler, supra; Olson v. Griffin Wheel Co., 218 Minn. 48, 15 N.W.2d 511, 156 A.L.R. 1338; Castle v. City of Stillwater, 235 Minn. 502, 51 N.W.2d 370. And total disability within the Workmen's Compensation Act does not mean absolute helplessness or entire physical disability, but means inability to perform the work of one's trade or inability to obtain reasonably gainful employment. Berg v. Sadler, supra; Castle v. City of Stillwater, supra; Olson v. Griffin Wheel Co., supra.

Due to the loss of three fingers of his right hand and injury to his right wrist and other injuries, causing loss of the use of his right arm for manual labor, and considering the fact that the appellee is un-

suited for work other than manual labor, the circuit court did not err in adjudging the appellee Fate Grimes as totally and permanently disabled. Unger v. Balkan Mining Co., 248 Minn. 510, 80 N.W.2d 846; Berg v. Sadler, supra; Olson v. Griffin Wheel Co., supra.

Appellant relies heavily on the case of Hill Grocery Co. v. Ligon, 231 Ala. 141, 164 So. 219. We are of the opinion that this case is not controlling to the case before us. The question in that case was whether evidence supported the contention of the appellee, who was a young boy, that the loss of three of the appellee's fingers resulted in loss of the use of his hand. This court, in that case, held that the testimony given by one expert witness who was of the opinion that appellee had lost the use of his hand, was irreconcilably opposed to undisputed facts and thus raised no conflict in the evidence.

■ Hill Grocery Co. v. Ligon, supra, was an interpretation of § 7551(C) of the Code of 1923. The present case is based on an interpretation of Title 26, § 279(E) 3, Code of 1940. The lower court found that Grimes was totally and permanently disabled under this latter section and an examination of the record shows that there was evidence to support the court's finding. We, therefore, consider that the court had before it ample testimony from expert witnesses which raises a question of fact for the trial court's determination and, of course, the well established rule in workmen's compensation cases is that if any reasonable evidence supports the conclusion of the trial court, then the judgment will not be disturbed.

For the error pointed out the judgment is reversed and remanded but in all other respects the judgment of the lower court is affirmed.

Affirmed in part and in part reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.