This workmen's compensation case concerns an acute allergic dermatitis suffered by the employee, Mrs. West.
Many facts were stipulated, including that her condition arose out of the course of her employment with the defendant. The primary question in the trial court was the extent of her disability. After a non-jury trial, the final judgment specified that the employee was permanently and totally disabled. The issue on appeal is the sufficiency of the trial evidence to support that adjudication. Accordingly, our inquiry and recital of facts shall be largely limited to that aspect.
 Our review by certiorari does not perform the functions of an appeal. The weight or preponderance of the evidence or whether the finding of fact by the trial court is proper is not before us on review by certiorari. We must accept such finding if it is supported by any legal evidence. (Citations omitted.)
B.F. Goodrich Co. v. Martin, 47 Ala. App. 244, 250,253 So.2d 37, 43 (1971). *Page 89 
The following were included by the trial court among its findings of fact in the final judgment:
 That the Plaintiff was 53 years of age at the time of the hearing; that she has approximately a 9th grade education; that her employment history and training is that of a garment factory worker, and that she is not now trained or suited for any other type of work or employment than working in a garment factory; . . . that Plaintiff over a period of time developed allergic dermatitis to materials with which she worked or which were present in the Defendant's factory; Plaintiff was totally and permanently physically injured as the result of an accident arising out of and in the course of her said employment with Defendant; and because of her education and training she is unable to perform work of her trade or obtain reasonably gainful employment, resulting in her permanent and total loss of ability to earn. . . . That Plaintiff is permanently and totally disabled. . . .
On the trial date, the employee was fifty-three years of age. She had a ninth-grade education. Her only employment, job training and experience had been as a sewing machine operator in various garment plants for twenty-eight years.
On June 1, 1977, she first consulted with her family physician concerning her acute allergic dermatitis. She described her problem as, "I break out in a rash, and it itches, and it irritates you nearly to death and you can't hardly get rid of it." On numerous occasions, her doctor treated her for that problem. He would order her not to work, and, after increasingly longer periods of treatment, the allergy would clear up; however, upon returning to her job, the reaction would rapidly reappear, at times within five minutes after just walking through the plant. Her condition became progressively more severe, and more time was required to enable the rash to clear up. Over a seven-month period she was transferred by her employer from job to job and worked upon different materials at different locations in her employer's plant, and, on each occasion, the allergy reoccurred. In that regard, she wholly cooperated with the employer. Basically, other garment factories use the same kind or type of materials as were being utilized by the defendant. She testified that she was advised by her doctor that she could not work in any garment plant. While shopping, the plaintiff cannot remain for very long in a department store or in a fabric center without her allergy commencing again. Her job applications in other industries or fields have not been successful.
The family physician deposed that, while he does not know the specific cause of her allergy, it was connected with her employment, and that she is 100% disabled from working in the presence of the causative allergen. He could not testify whether the allergen would be present in another garment plant.
A dermatologist, whose deposition was introduced by the employer, and who had examined her only when she was free from any rash, testified that, as far as discomfort and a rash are concerned, what is disabling to one person is not necessarily disabling to others. It is possible for one to come into contact with a particular substance on a regular basis without any problem, and then to suddenly develop a reaction to it. Sometimes subsequent reactions progressively become more severe. He further stated that, if the employee is allergic to something, she should avoid it as much as possible. The doctor was not able to reach any conclusions as to whether or not she would ever be able to work in a garment plant.
In considering, without weighing, that evidence which was favorable to the holding of a total and permanent disability, we deem it to adequately support that finding. The following language from Carroll Construction Company v. Hutcheson,347 So.2d 527, 530 (Ala.Civ.App. 1977) is especially applicable:
 Total disability does not mean absolute helplessness or entire physical disability, but means inability to perform the work of one's trade or inability to obtain reasonably *Page 90 
gainful employment. Brunson Milling Co. v. Grimes, 267 Ala. 395, 103 So.2d 315 (1958); B.F. Goodrich Co. v. Butler, 56 Ala. App. 635, 324 So.2d 776 (1975) cert. quashed, 295 Ala. 401, 324 So.2d 788 (1976); Dale Motels, Inc. v. Crittenden, 50 Ala. App. 251, 278 So.2d 370 (1973). Total permanent disability under Tit. 26, § 279 (E)3 may occur without loss of specific members of the body; in that case the court considers the education and training of the individual and the effect of the injury on his earning ability. Brunson Milling Co. v. Grimes, supra. We will not disturb the finding of the trial court because there was legal evidence to support its conclusion of total and permanent disability. Calvert v. Funderburg, 284 Ala. 311, 224 So.2d 664 (1969); Woodward Iron Co. v. Jones, 217 Ala. 361, 116 So. 525 (1928); Mobile Paint Mfg. Co. v. Crowley, 56 Ala. App. 673, 325 So.2d 182
(1975). The weight of the evidence before the trial court is not before this court on appeal in a workmen's compensation case. Horton v. DeLoach, 276 Ala. 357, 162 So.2d 453 (1964).
We affirm.
AFFIRMED.
All the Judges concur.