ROBERT P. BRADLEY, Retired Appellate Judge.
Gilbreath appeals from a judgment entered in his favor in a workmen’s compensation action.
After ore tenus proceedings the trial court determined that Gilbreath sustained work-related injuries to both of his hands while employed at an Eastwood Foods chicken processing plant. The trial court determined that “except for three weeks, [Gilbreath] was temporarily totally disabled from April 19, 1986, until July 9, 1987, and that since the last date, [Gilbreath] has been and will continue to be permanently partially disabled by 50% as to his ability to earn.” Gilbreath’s “motion for modification” was denied in a subsequent order by the trial court.
Gilbreath begins his argument by asking what is the applicable standard of review in workmen’s compensation cases. He says that at different times the appellate courts of this state have said that the standard of review was “substantial” evidence to support the findings of the trial court, Tiger Motor Co. v. Winslett, 278 Ala. 108, 176 So.2d 39 (1965); “any legal evidence” to support the trial court’s findings, Associated Forest Materials v. Keller, 537 So.2d 957 (Ala.Civ.App.1988); or “any reasonable view” of the evidence to support the trial court’s findings. Ex parte Beaver Valley Corp., 477 So.2d 408 (Ala.1985).
Although it does appear that the appellate courts of this state have used different standards of review in workmen’s compensation cases in the past, this court is not permitted to select what it considers to be the appropriate standard of review. We are bound to follow the most recent state supreme court decision on the subject. Glass v. Hinde, 504 So.2d 316 (Ala.Civ.App.1987); § 12-3-16, Code 1975. The most recent supreme court decision establishing a standard of review in workmen’s compensation cases is Ex parte Patterson, 561 So.2d 236 (Ala.1990).
In the Patterson case the supreme court said:
“Our review in workmen’s compensation cases is limited to a determination of whether there was any legal evidence to support the trial court’s findings of fact. If any reasonable view of the evidence supports the findings of the trial court, this Court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte Neal, 423 So.2d 850 (Ala.1982).”
Ex parte Patterson, 561 So.2d 236 (Ala.1990) (emphasis supplied). The trial court in Patterson found that no evidence was introduced to show that Patterson suffered a job-related injury. The supreme court, however, said that the employer failed to prove that the employee had been assaulted by fellow employees and failed to prove that idiopathic factors led to the employee’s injury. Consequently, since the employee was working at his job at the time of his injury, the only reasonable view of the evidence required a finding that the employ *89 ee’s injury was causally connected to his employment.
Since Patterson is the latest expression of the supreme court on the standard of review in workmen’s compensation cases, we will apply the reasonable view of the evidence standard set out therein.
Gilbreath does argue other issues in his brief but, generally, they all are directed toward the contention that the trial court erred by refusing to find him permanently and totally disabled to earn a living. Our application of the Patterson standard of review to the facts in the case at bar will answer the other issues raised by Gilbreath in his brief.
Gilbreath was injured when a box of chicken he was attempting to pull off a pallet fell and crushed his left hand. After having the left hand placed in a brace, Gilbreath returned to work. However, as Gilbreath used the left hand it became increasingly swollen and painful. Gilbreath was sent to Dr. Maddox, an orthopedic surgeon, who ultimately operated upon the left hand. Dr. Maddox’s diagnosis was “reflex sympathetic dystrophy,” a condition that affects the nervous system. After the operation and physical therapy, Gil-breath returned to work, despite persistent complaints of pain. He was placed in a one-hand, light-duty position.
Thereafter Gilbreath suffered similar pain and swelling in his right hand. He returned to Dr. Maddox for care and was referred to a rheumatologist, Dr. Hunt. Gilbreath was diagnosed as suffering from reflex sympathetic dystrophy in his right hand. Gilbreath underwent physical therapy and steroid medication. Subsequently, when Gilbreath’s condition failed to respond to treatment, Dr. Maddox determined that Gilbreath should find work that does not require strenuous and repetitive use of his hands, or retire.
In Alabama, “total disability” is not absolute helplessness or entire physical disability; rather it is the inability to perform the work of one’s trade or the inability to obtain reasonably gainful employment. City of Muscle Shoals v. Davis, 406 So.2d 919 (Ala.Civ.App.), cert. denied, 406 So.2d 923 (Ala.1981).
Under § 25-5-57(a)(4)d. “total disability” is defined: “[A]ny physical injury or mental impairment resulting from an accident, which ... permanently and totally incapacitates the employee from working at and being retrained for gainful employment, shall constitute ... the sole basis on which an award of permanent total disability may be based_” (Emphasis added.)
We must determine if a reasonable view of the evidence supports a conclusion that Gilbreath’s injuries have resulted in: (1) an inability to perform the work of his trade, and (2) an inability to work at, and to be retrained for, gainful employment.
The record reveals that Gilbreath is forty-five years old and cannot read or write. His job history reveals that he has been engaged in manual labor, except for one position as a security guard, usually requiring repetitive use of his hands and arms. At the time of his injuries, Gilbreath was employed by Eastwood Foods to unload crates or boxes of chicken packed in ice, separate the chicken, and place it upon a conveyor belt.
Gilbreath testified that he has been unable to return to work and has not sought other employment because of the pain and swelling associated with his hands. He stated that he is unable to drive a car for very long, use a hammer or screwdriver, or even wash dishes because of the injuries to his hands.
Gilbreath’s orthopedic surgeon testified that Gilbreath suffered from an early manifestation of reflex sympathetic dystrophy, a nerve disorder, which can be caused by trauma. After determining that Gilbreath was not obtaining further benefit from his care, the orthopedic surgeon advised Gil-breath to find a job which did not require the strenuous and repetitive use of his hands or to retire.
Gilbreath’s brother testified that Gil-breath has been unable to engage in the same activities (gardening, mowing the lawn, etc.) that Gilbreath enjoyed prior to the hand injuries.
*90 Deborah Moretz, Eastwood Foods’ personnel manager, testified that after Gil-breath’s surgery he was unable to perform in a “light-duty” position because of the pain and swelling in his hands.
We opine that a reasonable view of this evidence requires a finding that Gilbreath’s injuries have caused him to be unable to perform manual labor, and the trial court made such a finding of fact.
Next we must determine whether a reasonable view of the evidence supports the trial court’s finding that Gilbreath can be gainfully employed as a security guard or that he can be retrained for other gainful employment.
In Brunson Milling Co. v. Grimes, 267 Ala. 395, 400, 103 So.2d 315, 318 (1958), our supreme court quoted with approval the following from Lee v. Minneapolis St. Ry., 230 Minn. 315, 320, 41 N.W.2d 433, 436 (1950):
“An employe who is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist, may well be classified as totally disabled.”
As respects Gilbreath’s future “employa-bility,” the testimony of his orthopedic surgeon was that Gilbreath should seek a job that did not require the strenuous and repetitive use of his hands, or retire. Deborah Moretz testified that she observed the swelling associated with Gilbreath’s hands even when he was placed in a light-duty position, i.e. janitorial duties.
It is uncontested that Gilbreath had been employed as a security guard prior to his employment at Eastwood Foods. However, there is no evidence as to the requirements of this job. In other words, there is no evidence that Gilbreath could perform the duties of a security guard in his present disabled condition. Although Eastwood Foods contracted its security job work to an outside contractor, Moretz testified that Eastwood Foods would give Gil-breath a job as a security guard. Again, there is no evidence of the job requirements for a security guard working for Eastwood Foods. Hence there is no assurance that Gilbreath could be a security guard for Eastwood Foods in his disabled condition. Moreover, a reasonable view of the evidence would suggest that a forty-five year old man who cannot read or write, who has trouble holding a cup of coffee in his hands, and who cannot use a hammer or screwdriver, cannot perform the duties of a security guard.
Surely the duties of a security guard would involve the use of one’s hands and arms. A security guard’s duties would involve, for example, the ability to hold and use a gun or “billy club,” to restrain or handcuff another person, to generally defend oneself, to drive an automobile, to punch a time clock, and to be able to coherently write simple reports and explain events in detail.
After a careful review of the record, we are convinced that the only reasonable view of the evidence compels us to conclude that the offer to Gilbreath, by his employer, of a job as a security guard establishes neither a reasonably stable job market for him, nor that he can be retrained to obtain other gainful employment. See, Belue v. Prewett Mills Distribution Center, [Ms.Civ. 7158 March 28, 1990] (Ala.Civ.App.1990); Bankhead Forest Indus., Inc. v. Lovett, 423 So.2d 899 (Ala.Civ.App.1982).
Our determination of what is a reasonable view of the evidence is guided by the cardinal maxim applicable in workmen’s compensation cases: to liberally construe the workmen’s compensation statutes and resolve all reasonable doubt in favor of the employee to facilitate the beneficent purposes for which the law was designed. Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728 (1922).
Consequently, since no reasonable view of the evidence supports the trial court’s judgment, that judgment is reversed and the cause remanded for entry of an order finding Gilbreath to be permanently and totally disabled.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the *91 provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.