RUSSELL, Judge
(dissenting).
I must respectfully dissent, first citing the well-settled principle that a trial court should be afforded considerable discretion in its determination as to an employee’s vocational disability. Brown-Ray Development, Inc. v. Murphy, 568 So.2d 814 (Ala.Civ.App.1990). Here, there was ample evidence to sustain the trial court’s determination that the employee suffered a vocational disability of 65%. The employee’s treating physician testified that although the employee could not return to his logging job, he should be able to perform other types of work, including light and sedentary activity. The employee’s own vocational expert testified that the employee had a vocational disability rating of approximately 62-63%, while the employer’s vocational expert testified that the employee had a loss of earning capacity of approximately 55%.
The majority describes Gilbreath, 575 So.2d 87, as factually similar to this case. However, in Gilbreath this court found no evidence that could lead one to reasonably conclude that a job market existed for the employee in his injured state. In the instant case, both vocational experts found that there were jobs available that would be accommodating to the employee’s post-injury limitations.
Although a reasonable view of the evidence could support a determination that the employee here is permanently and totally disabled, an equally reasonable view of the evidence supports the trial court’s judgment. If “any reasonable view” of the legal evidence supports the trial court’s judgment, that judgment should be affirmed. Ex parte Eastwood Foods, 575 So.2d 91, 93 (emphasis added).