On Application for Reheating

MOORE, Judge.
On application for rehearing, Robert Dale Landers (“the employee”) earnestly argues that this court misapprehended the issues on appeal concerning the trial court’s permanent-partial-disability finding. The employee asserts that the question before this court was not the sufficiency of the evidence supporting the 75% permanent-partial-disability award but was the manner in which the trial court carried out its duty in making its findings of fact. The employee contends that the trial court obviously ignored much of the evidence, including evidence that the employee characterizes as undisputed evidence, because, the employee says, the trial court omitted any reference to that evidence in its written findings of fact. The employee further argues that this court improperly cured the trial court’s error by considering all the evidence, including the evidence the trial court allegedly overlooked, and reweighing the evidence to determine if substantial evidence supported the 75% permanent-partial-disability finding. The employee basically requests this court to reverse the trial court’s judgment based on the trial court’s alleged failure to issue proper findings of fact, without considering whether the trial court’s ultimate finding of fact that the employee sustained a 75% permanent partial disability was supported by substantial evidence.
Alabama Code 1975, § 25-5-88, provides that a final judgment in a workers’ compensation case “shall contain a statement of the law and facts and conclusions as determined by [the circuit court judge deciding the case].” The term “facts” as found in § 25-5-88 refers to those facts essential to the judgment that the trial court has concluded were proven by a preponderance of the evidence. See Ala. Code 1975, § 25-5-81(c); Greek v. Sloss-Sheffield Steel & Iron Co., 207 Ala. 219, 92 So. 458 (1922); and Addison Fabricators, Inc. v. Davis, 892 So.2d 440 (Ala.Civ.App.2004). In Bryant v. Central Foundry Co., 217 Ala. 332, 333, 116 So. 345, 345 (1928), our supreme court, in discussing a predecessor statute to § 25-5-88, stated:
“The statute contemplates, not a recital of the evidence, with its conflicting lights and tendencies, but a determination by the trial judge of the facts established by the evidence, responsive to the issues presented ....”
This court has also indicated that “[t]he trial court is not required by § 25-5-88 to comment on every item of evidence, each word of testimony, and every line of every deposition offered in evidence.” Werner Co. v. Williams, 871 So.2d 845, 852-53 (Ala.Civ.App.2003). See also Bostrom Seating, Inc. v. Adderhold, 852 So.2d 784, 793-94 (Ala.Civ.App.2002) (“Although *155 § 25-5-88, Ala.Code 1975, requires a ‘statement of the law and facts and conclusions determined by [the trial] judge,’ we are unpersuaded that the Code section compels the detailed findings [the company] would have the trial court make.”). This court has also noted that simply because a trial court does not specifically mention portions of the evidence contained in the record does not mean that the court did not consider that evidence. R.L. Carnes Logging Contractors, Inc. v. Whitsett, 844 So.2d 1248, 1254 (Ala.Civ.App.2002).
In this case, the trial court explicitly stated in its written findings of fact that it had considered all the evidence, even summarizing much of the medical and vocational testimony the employee asserts was not considered. However, even if the trial court did not state that it had considered all the evidence, it is obvious that it considered the evidence favorable to the employee when it ruled on the employee’s two postjudgment motions that highlighted the portions of the evidence the employee deemed significant. The trial court even granted the employee a new trial based on his evidentiary arguments. Based on the procedure followed in this case, we conclude that the trial court more than adequately performed its statutory duty to consider all the evidence supporting the employee’s position, even though the trial court did not recite that testimony at length in its judgments.
Even if the trial court’s findings could be considered incomplete, “we note that a reversal is not required. Instead, we merely conduct the same review as we would of more specific factual findings to determine whether the ultimate finding made by the trial court is supported by substantial evidence.” Werner Co. v. Williams, 871 So.2d at 853. “If the trial court’s findings are meager or omis-sive, this court may look to the record to determine if the trial court’s judgment should be upheld.” McCutcheon v. Champion Int’l Corp., 623 So.2d 742, 743 (Ala.Civ.App.1993). In this case, the “ultimate finding of fact” was the 75% permanent-partial-disability finding. By reviewing all the evidence to determine whether that ultimate finding was supported by substantial evidence, this court did not assume the role of the fact-finder but merely carried out its duty of appellate review.
The employee also argues that this court misconstrued his argument relating to the employee’s postinjury employment. The employee maintains that he did not assert the position that “the trial court had no choice but to enter a permanent-total-disability award because the employee has not established a consistent and substantial earning record since he separated from the employer,” as we stated in our opinion on original submission. 14 So.3d at 153. The employee states that he merely argued that the trial court erred in failing to conclude that such employment did not constitute “suitable gainful employment.”
By the employee’s analysis, if the jobs the employee held after the first trial were not “suitable,” i.e., compatible with the employee’s preinjury occupation, age, education, and aptitude, or were not “gainful,” i.e., employment similar in remuneration to that earned prior to the injury, see Ex parte Beaver Valley Corp., 477 So.2d 408, 412 (Ala.1985), then the trial court should have noted that fact and determined that the employee was permanently and totally disabled because he “ ‘is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonable stable market for them does not exist.’ ” See Brunson Milling Co. v. Grimes, 267 Ala. 395, 400, 103 So.2d 315, 318 (1958) (quoting Lee v. Minneapolis Street Ry., 230 Minn. 315, 320, 41 N.W.2d 433, 436 (1950)).
*156 The employee misapprehends the law. In determining whether an employee is permanently and totally disabled, the trial court does not simply determine whether the employee has, in fact, obtained and performed suitable gainful employment following the injury; rather, it determines whether the employee is capable of obtaining and performing suitable employment. See Ala.Code 1975, § 25-5-57(a)(4)d. (defining permanent total disability as “any physical injury ... resulting from an accident, which injury ... permanently and totally incapacitates the employee from working at and being retrained for gainful employment”). Following a work-related injury, an employee may be employed in employment that is not suitable or gainful, as defined above, yet still retain the capacity for suitable gainful employment. See, e.g., Ellenburg v. Jim Walter Res., Inc., 680 So.2d 282 (Ala.Civ.App.1996) (rejecting argument that employee was permanently and totally disabled simply because he was capable of earning only $280 per week after work-related injury when he averaged earning $700 per week before the injury). Evidence of actual employment may be accepted as one factor relating to the employee’s ability to secure and perform suitable gainful employment, but it does not conclusively establish the extent of the employee’s earning capacity. See Nashville Bridge Co. v. Honeycutt, 246 Ala. 319, 20 So.2d 591 (1945). Hence, the trial court did not, as the employee contends, have to determine whether the employee was actually engaged in suitable gainful employment when he worked for the grocery store or the building-supply company after his injury.
In considering an employee’s claim for permanent-total-disability benefits, the trial court must determine whether the employee is capable returning to his former job and, if not, whether the employee is capable of securing and performing other suitable gainful employment. See Red Mountain Constr. Co. v. Neely, 627 So.2d 931 (Ala.Civ.App.1993). In this case, the trial court heard testimony from the employer’s human-resources manager that the employer had jobs available for the employee that would accommodate the employee’s restrictions. The trial court also heard testimony from the employer’s vocational expert that the employee was eligible for a variety of jobs that would enable him to earn $713 to $998 per week. The employee himself testified at one point on cross-examination that he could return to work in some of his former occupations without violating his restrictions. After considering that evidence, along with the other'relevant evidence, the trial court determined that the employee had not totally lost the ability to obtain and perform suitable gainful employment. Its finding that the employee was not permanently and totally disabled is supported by substantial evidence. Therefore, we find no error in the trial court’s treatment of the employee’s postinjury employment.
Because we conclude that the trial court did not commit reversible error in failing to make more specific findings of fact or in failing to ascertain whether the employee subsequently obtained suitable gainful employment and because we conclude that this court properly reviewed the record to determine if the 75% permanent-partial-disability rating was supported by substantial evidence, we overrule the application for rehearing.
APPLICATION OVERRULED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.