# Court of Appeals.

June 6, 1893.

## PEOPLE v. ROSENBERG.

(51 St. Rep. 1; 138 N. Y. 410.)

**1. Nuisance—Fat rendering.**

The words "is a public nuisance," in section 1, chapter 646 of 1892, relate to and qualify all the preceding acts or kinds of business made unlawful, as well as the phrase "any business," immediately preceding them.

**2. Indictment—Nuisance.**

An indictment under chapter 646 of 1892, which contains no allegation that the defendant was conducting a business as a public nuisance, is insufficient.

**3. Evidence—Nuisance.**

On the trial of an indictment for carrying on the business of fat rendering within the limits of a city, evidence to show that defendant had erected a factory on his own land and carried on the business with the permission of the board of health, that no noxious odors arose therefrom and that the neighborhood was sparsely populated, is admissible.

**4. Constitutional law—Duty of court.**

It is only when a case is presented which shows clearly that a statute, when fairly and reasonably construed, is brought in conflict with some provision of the constitution, that the court of appeals is justified in pronouncing the law invalid. If the act and the constitution can be construed so as to enable both to stand, and each can be given a proper and legitimate office to perform, it is the duty of the court to adopt such construction.

**5. Legislature—Police power.**

The legislature, under the police power, may regulate or even prohibit the carrying on of any business in such manner and in such place as to become dangerous or detrimental to the health, morals or good order of the community.

**6. Same.**

In construing an act of the legislature prohibiting the carrying on of a business, the court will assume that the legislature intended to act within its ordinary police powers to suppress nui-

sances and to punish persons carrying on such business in such a way as to become a nuisance.

.7. Same.

> An intention should not be attributed to the law making power to interdict arbitrarily the conduct of any business theretofore recognized as lawful, irrespective of its effect upon health, morals or public order, unless it has in the statute itself used language of such explicit import as to preclude any other construction.

Appeal from judgment of the supreme court, general term, second department, affirming conviction of defendant of a misdemeanor for violation of chapter 646, Laws 1892.

B. F. Tracy and A. Simis, Jr., for appellant.

William T. Gilbert and John F. Clarke, for respondents.

O'BRIEN, J. — The defendant was convicted of a misdemeanor in the court of general sessions of the county of Kings upon an indictment charging him with a violation of chapter 646 of the Laws of 1892. As this appeal from an affirmance of the judgment of conviction by the general term raises important questions with respect both to the validity and true construction of the statute, it may be well to give it here in full:
"AN ACT to prevent fat rendering, bone boiling or the manufacture of fertilizers within the corporate limits of any incorporated city of this state, or within a distance of three miles from the corporate limits thereof.

"The People of the State of New York, represented in Senate and Assembly, do enact as follows:

"Section 1. It shall not be lawful for any person or persons to engage in or carry on the business of fat rendering, bone boiling or the manufacture of fertilizers, or any business as a public nuisance within the corporate limits of any incorporated city of this state, or within a distance of three miles from the corporate limits of any incorporated city, provided, however, that nothing herein contained shall prevent the rendering of fresh killed cattle or swine.

"Section 2. All departments of health, or the commissioner or commisioners thereof, in any incorporated city of this state shall have power to enforce the provisions of this act.

"Section 3. Any person or persons offending against the provisions of this act shall, upon conviction thereof, be guilty of a misdemeanor. This act shall not apply to the counties of Fulton, Wayne, Tompkins, Chautauqua, Orange, Dutchess, Erie, Monroe, Oneida, Onondaga, New York, Schoharie, Ulster, Greene, Cayuga, Cattaraugus, Niagara, Saratoga, Schenectady, Hamilton, Montgomery and Orleans.

"Section 4. This act shall take effect immediately."

The charge in the indictment is that the defendant, on a certain day named, in a certain locality and building described, within the corporate limits of the city of Brooklyn, did "engage in carrying on the business and occupation of fat rendering, that is to say, of rendering fat from animal matter, said animal matter not being then and there freshly slain cattle and swine, against the form of the statute in such case made and provided, and against the peace of the People of the state of New York and their dignity."

It is claimed that in 1885 the defendant erected a factory on his own land, and for seven years carried on the business of "fat rendering" under the permission in writing and the supervision and inspection of the health department of the city of Brooklyn, and the defendant offered to produce these facts at the trial, as well as the manner in which the business was conducted, and whether any noxious odors arise from the business, and the character of the locality where the business was carried on, whether sparsely or densely populated. The testimony was excluded by the court upon the objection of the district attorney, and the defendant's counsel excepted. The court, in substance, instructed the jury that the act was constitutional, and that if they were satisfied that the defendant carried on the business as charged in the indictment he was guilty of the offense. The defendant's counsel excepted to these instructions. The defendant, upon conviction, was fined $250. It is apparent that the judgment proceeded upon the theory that the defendant's business was absolutely prohibited by the statute and made a crime. This is the theory upon which the indictment was framed, and that is the construction which the learned judge who presided at the trial evidently put upon the enactment, and the same is true of the decision at general term.

The discussion in this court upon the question arising upon the appeal has taken a wide range. The learned counsel for the defendant has argued with much force that the act is void because in conflict with at least two distinct limitations upon the power of the legislature created by the constitution of the state. He insists that it violates section 6, of article 1, which provides that no person shall be deprived of all, liberty or property without due process of law, and also that as it deprives the citizens of Brooklyn, if the construction adopted below be correct, of rights and privileges secured to the citizens of other cities, situated in counties exempt from its provisions, it is violative of section 1, of article 1, which provides that "no member of this state shall be disfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or the judgment of his peers." A legislative edict that would forbid the carrying on by the citizen of a particular business is always open to serious objections, and unless it can be brought within the somewhat vague and undefined domain of the police power it is difficult to sustain such legislation under our system of government. If the disposition of this appeal required us to examine into the power of the legislature to pass enactments of this character it might be difficult to answer some of the positions taken by the learned counsel for the defendant. If the statute is to be construed in the same way that it was by the court below, then constitutional questions of a grave character are undoubtedly involved. But we have reached the conclusion that it is entirely possible and proper to give to the act a construction which will obviate the necessity of passing upon the question of legislative power. It is only when a case is presented which shows clearly that a statute, when fairly and reasonably construed, is brought in conflict with some provision of the constitution, that this court is justified in pronouncing the law invalid. If the act and the constitution can be construed so as to enable both to stand, and each can be given a proper and legitimate office to perform, it is the duty of the court to adopt such construction. People ex rel. Killeen v. Angle, 109 N. Y. 567; 16 St. Rep. 647; People v. West, 106 N. Y. 293; 8 St. Rep. 713.

The statute is penal in its character, and it should, therefore,

receive a strict rather than a liberal construction, Maxwell on Int. of Statutes, chap. 10; Verona Central Cheese Co. v. Murtaugh, 50 N. Y. 314; Hoyt v. Bonnett, id. 538; Hintermeister v. First Nat. Bank, 64 id. 212; Wood v. Erie Railway Co., 72 id. 196. The act provided that it shall not be lawful for any person to carry on the business of fat rendering, bone boiling, or the manufacture of fertilizers, or any business as a public nuisance, etc. The last four words relate to and qualify all the preceding acts or kinds of business made unlawful, as well as the phrase "any business" immediately preceding them. So that it was made unlawful for the defendant to carry on the business of fat rendering as a public nuisance within the corporate limits of the city of Brooklyn. There is nothing in the grammatical arrangement of the words or in the presumed intention of the legislature that forbids this construction. The legislature, under the police power, may certainly regulate or even prohibit the carrying on of any business in such manner and in such place as to become dangerous or detrimental to the health, morals or goor order of the community. But how far it can go in the direction of absolutely prohibiting such business, when it is neither alleged nor claimed that in its nature or from the manner in which it is conducted it injuriously affects the community, is quite another question. That would be venturing upon doubtful ground, and we ought not give to the statute a construction that would attribute to the legislature a purpose to prohibit the defendant from carrying on his business of fat rendering irrespective of the manner in which he conducted it, or of its effect, injurious or otherwise, upon the community. This court will assume that the legislature intended to act within its ordinary police powers to suppress nuisances and to punish persons carrying on some business in such a way as to become such.

It may be that upon this construction the statute was wholly unnecessary, and that the defendant was liable to indictment and punishment for carrying on the business of fat rendering in Brooklyn, as a public nuisance, without it. We will not now stop to consider that question. It is sufficient to say that an intention should not be attributed to the law-making power to arbitrarily interdict the conduct of any business theretofore

recognized as lawful, irrespective of· its effect upon health, morals or public order, unless it has in the statute itself used language of such explicit import as to preclude any other construction. It has not used such language in this case, and, therefore, the defendant was not guilty of the offense unless he carried on the business in such a way as to be a public nuisance.

The judgment is erroneous for two reasons, first, there is no allegation in the indictment that the defendant was carrying on the business of fat rendering as a public nuisance, and, secondly, even if there was, the defendant's counsel offered at the trial to give proof which was material and competent upon that question, and which was improperly excluded.

The judgment should, therefore, be reversed, and the defendant discharged.

All concur.