In the Matter of the Claim of JAMES D. HALL and Others, Appellants, against THE CHATHAM ELECTRIC LIGHT, HEAT AND POWER COMPANY and Another, Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 2, 1927.

**Workmen's compensation — dependency — finding that father was not dependent is supported by evidence — claim that double indemnity should have been awarded to other claimants under Workmen's Compensation Law, § 14-a, on theory that employee was illegally employed, was properly denied — employee who was killed while working on electric light line was over sixteen and under eighteen — failure to comply with Labor Law and Employers' Liability Law did not make employment illegal — " violation " of Labor Law within meaning of Workmen's Compensation Law, § 14-a, occurs only when employment is not " lawful for the age and sex " of employee — under subd. 3 of said section, male over sixteen years having proper certificate may be employed legally.**

The finding by the State Industrial Board that the father of the claimant was not dependent is supported by the evidence.

The employee, who was over sixteen years of age and under eighteen at the time of his death, was killed while working on an electric light line.    The other claimants contend that they are entitled to double indemnity under section 14-a of the Workmen's Compensation Law, on the theory that the employee was killed through the gross negligence of his employer, arising out of its failure to comply with certain sections of the Labor Law and Employers' Liability Law relating to the maintenance of safe conditions under which the work was done.    This contention cannot be sustained.

A " violation " of the Labor Law, within the meaning of section 14-a of the Workmen's Compensation Law, occurs only when the employment is not " lawful for the age and sex " of the employee and under subdivision 3 of said section a male

over sixteen years of age and under eighteen years of age having a proper certificate may be employed by a public service corporation without violating the Labor Law.

APPEAL by James D. Hall and others from a decision of the State Industrial Board made on the 16th day of May, 1926.

*Ransom H. Gillett,* for the appellants.

*Hawver & Hawver* [*William C. Hawver* and *Neile F. Towner* of counsel], for the respondent employer.

*Walter S. Archibald,* for the respondent insurance carrier.

VAN KIRK, Acting P. J.   The employer is a public service corporation.   While in the course of his employment the deceased was electrocuted on the morning of November 13, 1925.

(1) The claim of the father was denied because he was not a dependent.   This finding of the Board in this respect is supported by evidence.

(2) Awards were made to the mother and to an infant brother and sister, from which no appeal has been taken.   Double indemnity was asked for under section 14-a of the Workmen's Compensation Law, but was denied.   From this denial part of the decision the claimants appeal and the employer alone is the respondent.

Section 14-a of the Workmen's Compensation Law (as added by Laws of 1923, chap. 572) provides:

" 1. Compensation and death benefits as provided in this article shall be double the amount otherwise payable if the injured employe (*sic*) at the time of the accident is a minor under eighteen years of age employed, permitted or suffered to work in violation of any provision of the Labor Law.

" 2. The employer alone and not the insurance carrier shall be liable for the increased compensation or increased death benefits provided for by this section.   Any provision in an insurance policy undertaking to relieve an employer from such increased liability shall be void."

The deceased was over sixteen and under eighteen years of age. At the time of his death he had been working for the Chatham Electric Light, Heat and Power Company for about three months.   The night before there was a severe storm and high wind; in consequence the lines needed repairs.   Deceased was working as a lineman. He climbed a tree to change a crossarm attached thereto.   The wire supported by the crossarm carried a high voltage of electricity. He took hold of the wire and was electrocuted.   It is claimed by the appellants that he was employed and permitted to work in violation of provisions of the Labor Law.   The argument is that the deceased was killed through the gross negligence of his employers;

that this constitutes such a violation of the Labor Law as renders the employers liable for double indemnity under section 14-a of the Workmen's Compensation Law.

Reference is made to certain sections of the Labor Law and the Employers' Liability Law, which appellants claim the employer in this case had violated. But the requirements in these sections imposing duties upon employers are intended the better to assure the safety of the employees while doing their work in the kinds and places of employment regulated therein.

Failure to use reasonable care in complying with any of these requirements is negligence, which, before the enactment of the Workmen's Compensation Law, would have aided a recovery in an action in negligence to recover damages for injuries suffered. But the Workmen's Compensation Law has provided a remedy in place of the former negligence action. Failure on the part of the employer to comply with those sections does not render the employment of a boy over sixteen years of age to work a violation of the Labor Law within the meaning of section 14-a of the Workmen's Compensation Law. In our opinion a "violation" of the Labor Law within the meaning of section 14-a of the Workmen's Compensation Law," occurs only when the employment is not "lawful for the age and sex" of the employee. This meaning is expressed in subdivision 3 of section 14-a as follows: "A minor over sixteen years of age may apply for a certificate of age to the superintendent of schools or to an employment certificating officer. Upon such application a certificate of age, signed by the officer issuing it and containing the name, date of birth, address and signature of the applicant shall be issued to him if he furnishes such evidence that he is over sixteen years of age as is required for the issuance of an employment certificate. Such a certificate of age shall be conclusive evidence for an employer that the minor has reached the age certified to therein, and the provisions of this section shall not apply to the employer of such minor while the minor is engaged in employment lawful for the age and sex as certified to in the certificate of age." Here is a plain declaration that, if a male employee has a certificate from the required source that he, a minor, is over sixteen years of age, "the provisions of this section shall not apply" to his employer in case he shall receive injuries during his employment; that is, it is not a violation of the Labor Law to employ a boy who is in fact over sixteen years of age. The only age limitation in the Labor Law in respect to a boy, which could apply to employment by a public service corporation, is sixteen years.

If we are right in this conclusion it is not necessary to consider

further the contention of the respondent that section 14-a of the Workmen's Compensation Law does not apply to a public service corporation; that the Public Service Commission has sole jurisdiction over them. (See Labor Law, § 2, subd. 9, as amd. by Laws of 1921, chap. 489; Pub. Serv. Comm. Law, § 2, subds. 12, 13.)

The decision appealed from should be affirmed, without costs.

HINMAN, McCANN, DAVIS and WHITMYER, JJ., concur.

Decision affirmed, without costs.