In the Matter of the Claim of FRANK TESAR, Respondent, against
NATIONAL VENTILATING COMPANY, Appellant.
STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 20, 1929.

*T. Carlyle Jones*, for the appellant.

*Hamilton Ward*, Attorney-General [*E. C. Aiken* of counsel], for the respondents.

VAN KIRK, P. J.   An award, in the sum of $3,731, was made against the employer and carrier for ninety per cent loss of use of the left hand.   This award was paid.

The award here under review is against the employer alone and is for a like amount as " increased compensation " under section

14-a of the Workmen's Compensation Law (as added by Laws of 1923, chap. 572), which provides:

" 1. Compensation and death benefits as provided in this article shall be double the amount otherwise payable if the injured employee at the time of the accident is a minor under eighteen years of age employed, permitted or suffered to work in violation of any provision of the Labor Law.

" 2. The employer alone and not the insurance carrier shall be liable for the increased compensation   *   *   *.

" 3. A minor over sixteen years of age may apply for a certificate of age to the superintendent of schools or to an employment certificating officer.   Upon such application a certificate of age   *   *   * shall be issued to him if he furnishes such evidence that he is over sixteen years of age as is required for the issuance of an employment certificate.   Such a certificate of age shall be conclusive evidence for an employer that the minor has reached the age certified to therein, and the provisions of this section shall not apply to the employer of such minor while the minor is engaged in employment lawful for the age and sex as certified to in the certificate of age."

This section is penal in its effect and a violation of the provisions of the Labor Law prohibiting the employment of a minor is a misdemeanor.   (Penal Law, § 1275, as amd. by Laws of 1921, chap. 68; since amd. by Laws of 1928, chap. 145.)   Such statute should be strictly construed and not extended by implication or construction beyond its terms as fairly interpreted.   (*People* v. *Rosenberg*, 138 N. Y. 410, 415; *Wood* v. *Erie R. Co.*, 72 id. 196, 198.)

The claimant was born January 16, 1908.   He was employed October 28, 1924, and injured November 3, 1924, while operating a power brake machine.   The Industrial Board has found: " At the time claimant sustained the accidental injuries herein referred to, he was a minor, under eighteen years of age, employed, permitted and suffered to work in violation of Section 256 of the Labor Law of the State of New York."   Section 256 requires the guarding of machinery; it fixes no age limit for workers thereon.

Section 14-a of the Workmen's Compensation Law allows increased compensation if a minor under eighteen years of age is employed, permitted or suffered to work in violation of provisions of the Labor Law.   This claimant was not so employed, permitted or suffered to work.   The emp oyment in which he was injured was lawful for one of his age; a statute which is violated by employment of a minor must be one which forbids his employment.   No provision of the Labor Law existent at the time of the accident forbade the employment of children who were over sixteen years of age.

(See Labor Law, §§ 130, 131, as amd. by Laws of 1921, chap. 386; since amd. by Laws of 1928, chap. 725; Id. § 146, as amd. by Laws of 1921, chap. 642; Id. § 383, as amd. by Laws of 1924, chap. 466.) A statutory requirement that a machine or part thereof should be guarded does not render an employment to work on such machine when unguarded unlawful; an employer may be required to comply with the terms of such a statute and the statute may justify a recovery in negligence for an injury susta ned by one while working thereon; but we are dealing with a compensation law under which a recovery is not dependent upon negligence. We have so held. (*Matter of Hall* v. *Chatham E. L., H. & P. Co.*, 220 App. Div. 18; affd., 246 N. Y. 544.)

The Attorney-General urges in his brief that the holding in the *Hall* case " should be limited to the facts, that is, where a certificate had been issued to the minor by the proper authorities under subd. 3 of § 14a." It does not appear that such certificate had been issued in the instant case, but this fact does not take the case out of the rule there declared. The certificate provided for in subdivision 3 is for the purpose of furnishing to an employer conclusive evidence that the minor has reached the age certified; there is here no dispute of claimant's age. The section does not apply to the employer of such minor while the minor is engaged in employment lawful for one of his age. (*Hall Case, supra*).

To uphold the award claimant invokes rule 922 of the Industrial Code as follows: " No minor between the ages of sixteen and eighteen years shall be employed, suffered or permitted to work at any machine listed in the Industrial Code Rules for the guarding of point of operation of dangerous machinery unless such machinery is equipped at the point of operation with such a guard as is specified therefor in said rules." This is a new rule adopted in 1928, while the injury was sustained in 1924. No similar rule existed in 1924. It can have no force or application here. It is not necessary, therefore, to discuss whether this rule has the force of a " provision of the Labor Law." (See *Schumer* v. *Caplin*, 241 N. Y. 346, 351; Labor Law, § 28, subd. 4; Id. § 29, as amd. by Laws of 1927, chap. 166.)

The holding in *Matter of Cross* v. *General Motors Corporation* (249 N. Y. 522, affg. 223 App. Div. 803) does not apply because there the restriction under section 171 of the Labor Law (as amd. by Laws of 1924, chap. 375) was that no male between sixteen and eighteen years of age shall be employed between the hours of twelve midnight and six o'clock in the morning; the accident happened at five forty-five A. M. There the employment was strictly in conflict with a provision of the Labor Law in respect to age.

Having reached this conclusion it is not necessary to discuss the other questions presented by appellant. The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

HINMAN, DAVIS, WHITMYER and HILL, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.