In the Matter of the Claim of Mrs. MAFFOND JOSEPH, Respondent, against STERILEK COMPANY, INC., and UTICA MUTUAL INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the employer and insurance carrier from an award of death benefits in favor of the dependent mother of an employee who died as the result of accidental injuries sustained in the course of his employment. There is also an appeal taken by the employer alone from a like award made solely against it on ground that decedent was employed in violation of the Labor Law at the time of the accident. (Workmen's Comp. Law, § 14-a.) There is evidence that decedent made substantial weekly contributions to the support and maintenance of his mother and the minor members of the family. The finding of dependency is fairly supported by such proof. Decedent was but seventeen years of age at the time of the accident. Concededly no special permit or authority had been given for his employment. At the time of the accident the statute (Labor Law, § 131) provided that no child between the age of sixteen and eighteen years of age should be employed, in connection with a business such as respondent conducted, without a special permit. Although decedent may have been employed prior to the effective date of the statute, nevertheless there was a violation thereof if his employment was continued thereafter while he was under eighteen years of age. Awards unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of AARON KAPROW, Appellant, against WASIL CONSTRUCTION CO. and ÆTNA CASUALTY & INDEMNITY CO., Respondents. STATE INDUSTRIAL BOARD, Respondent.— Claimant appeals. Evidence of a doctor sustains the findings made by the Board that causal relation did not exist. Decision unanimously affirmed, without costs. Present — Hill, P. J., Crapser Heffernan, Schenck and Foster, JJ.