TERRELL, Justice.
While petitioner was an employee of respondent on November 20, 1952, he fell from a tree and was seriously injured. The employer and the carrier paid compensation promptly. Contending that he was a minor under 18 years of age, petitioner brought this suit under Section 440.54, Florida Statutes 1941, F.S.A., to recover double compensation. The deputy commissioner found that petitioner was a minor under 18 years of age, that he was injured in the course of his employment in violation of Section 450.04, Child Labor Act, but denied double compensation on authority of Lollie v. General Tank Storage Terminals, 160 Fla. 208, 34 So.2d 306. On appeal the full commission affirmed the order of the deputy commissioner. We are confronted with an appeal by certio-rari from the order of the Florida Industrial Commission.
The point for determination is whether or not the claimant is entitled to double compensation as authorized by Section 440.54, Florida Statutes 1941, F.S.A.
The only violation of the child labor laws charged against the employer was failure to secure the age certificate required by Section 450.04, Florida Statutes 1941, F.S.A. We do not determine, nor do we express any opinion as to the age of petitioner. The deputy commissioner found him to be under 18 years of age but denied additional compensation under F.S. § 440.50, F.S.A. on authority of the Lollie case, supra, which we will have more to say about later.
The age certificate is required by Section 450.04, Florida Statutes 1941, F.S.A., while Section 450.08 designates the type of employment forbidden under the Act. It also authorizes the Industrial Commission to determine and declare certain other occupations to be hazardous or injurious to minors. Whether climbing trees is a hazardous occupation for minors to indulge in is not raised in this case. Suffice it to say that the occupation in which the claimant was engaged at the time of his injury had not been so classified by the Industrial Commission.
The purpose of the age certificate required by Section 450.04 was to protect the employer. It conclusively settles the age of the employee under the Child Labor Act. By having such certificate in his possession the employer may determine the type of employment that is forbidden to minors under 450.08, Florida Statutes 1941, F.S.A., and other provisions of the child labor laws. Unless the employer has permitted or suffered the minor to work at an employment banned by the Child Labor Act, no right arises for additional compensation. As was stated in the Lollie case, supra, there must be some relationship between the Act violated by the employer and the injury suffered by the minor employee. The Lollie case held Section 440.54 to be a penalty statute. It is however, a penalty imposed solely against the employer and must therefore be strictly construed in his favor. Any other interpretation would render the act invalid as being in violation of due process.
In this holding we do not overlook the fact that Chapter 26877, Acts of 1951, repealed Section 440.20(13) of the Workmen’s Compensation Act. This Section was considered in the Lollie case and was held to limit the total compensation provided under Section 440.54. In repealing Section 440.20(13), Chapter 26877 removed that limitation.
We think the order appealed from was correct. Certiorari is accordingly denied and the order of the Industrial Commission is affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.