105 So.2d 128

**Jimmie C. WILLIS, pro ami,**

v.

**W. C. STOREY.**

6 Div. 259.

Supreme Court of Alabama.

Aug. 28, 1958.

Rehearing Denied Sept. 25, 1958.

Hogan & Calloway and Robt. S. Vance, Birmingham, for appellant.

206

Burr, McKamy, Moore & Thomas, Birmingham, for appellee.

J. Eugene Foster, Montgomery, for Ala. Dept. of Industrial Relations.

Stuart Rothman, Bessie Margolin, Washington, D. C., Albert M. Horn and Beverley Worrell, Birmingham, for U. S. Dept. of Labor, amici curiae.

MERRILL, Justice.

This is a review by certiorari of a judgment in a Workmen's Compensation case. The petitioner claims that he should have been awarded double compensation under the provisions of Tit. 26, § 258, Code 1940, because of a violation of the child labor law at the time of the injury.

Petitioner was employed as an apprentice painter. He was painting a coal conveyor and fell from a scaffold, receiving severe injuries.

At the time of his injury, petitioner was between 16 and 17 years of age. With the consent of his parents, he had entered into and was working for appellee under an apprenticeship agreement under a pro-

gram set up by Local Union No. 57 of the Brotherhood of Painters, Decorators and Paper Hangers of America, which program was authorized by the Fair Labor Standards Act, as amended, § 201 et seq., Tit. 29, U.S.C.A., and pertinent regulations thereto. Appellee had a contract with the union governing the hours, wages and working conditions of his employees and his apprentice and he participated in the apprentice program. Both parties had complied with all the federal regulations. Petitioner had obtained an apprentice membership card in Local No. 57, and the business agent of that local had certified petitioner to appellee.

The main question, which is one of first impression in Alabama, concerns the denial of petitioner's claim for double compensation. That claim is made under Tit. 26, § 258 which provides:

"The provisions of this chapter shall apply to employees who are minors and who have been employed in accordance with or contrary to laws regulating the employment of minors. If at the time of injury the minor was employed in violation or contrary to the law, regulating the employment or any part thereof, then the compensation shall be two times what it would be if the employment had been legal."

The alleged violation of the Child Labor Law was the failure to procure and have on file the employment certificate required by Tit. 26, § 352, which provides in pertinent part:

"* * * and no firm, person or corporation shall employ, permit or suffer any child between sixteen and seventeen years of age to work in any gainful occupation, except agriculture or domestic service, unless such person, firm or corporation procures and keeps on file for the inspection of the officials charged with the enforcement of this article, an age certificate as hereinafter provided, for every such child, between sixteen and seventeen years of age, * * *"

The trial court held in its original decree:

"The claim for double compensation is denied, the court being of the opinion that the admitted failure of the defendant to have on file a birth certificate as required by Section 352 of Title 26, 1940 Code was not such a violation justifying this penalty. There was not a relationship between the act violated and the injuries suffered. (Ship[p] v. Farr[e]ns Tree Surgeons, [Fla.,] 72 So.2d 387)."

And in an amendment to the decree the court stated:

"The certificate referred to by the court in its final Decree of December 20, 1957 as a birth certificate was intended by the Court and should be construed to mean and refer to the age certificate provided for and required by Section 352, Title 26, 1940 Code of Alabama, wherever the same appears in said decree. The Court finds as fact that the Petitioner was between 16 and 17 years of age having been born on July 11, 1938 at the time of his injury and that no such age certificate had been procured or was kept on file by Defendant in connection with Plaintiff's employment at the time of said injury. The Court concludes, however, as a matter of law that such violation does not justify the award of double compensation, as was stated in its prior decree."

Petitioner cites several New York and Pennsylvania cases which support the proposition that "certificate" or "permit" violations are sufficient to result in increased compensation under statutes providing for such in cases of injury to minors employed in violation of child labor laws. Warner v. Wendt's Ice Cream Co., 256 App.Div. 1017, 10 N.Y.S.2d 497, Reargument denied 257 App.Div. 875, 12 N.Y.S.2d 759, Appeal denied; Graf v. Silver Creek Preserving Corp., 257 App.Div. 1090, 14 N.Y.S.2d 667, Reargument denied 258 App.Div. 819, 15 N.Y.S.2d 815, Appeal denied; Joseph v.

Sterilek Co., Inc., 260 App.Div. 969, 23 N.Y.S.2d 310 affirmed without opinion, 285 N.Y. 796, 35 N.E.2d 192; Baumgardner v. East Coast Valve & Fitting Co., Inc., 275 App.Div. 879, 88 N.Y.S.2d 848; Braiter v. Addie Co., Inc., 282 N.Y. 326, 26 N.E.2d 277; McGuckin v. Keystone Dye & Metal Works, 29 Pa.Dist. & Co.R. 556; Chabot v. Pittsburg Plate Glass Co., 259 Pa. 504, 103 A. 283; Lucia v. Capitol Pants Company, Inc., 29 Pa.Dist. & Co.R. 590.

These cases involve the failure of the employer to secure an "employment certificate," or a "vacation work permit" without which the employment of a minor under 18 years of age would be unlawful. Under our statute the certificate is an age certificate.

But there are other cases in those jurisdictions which hold that the minor's right to the increased compensation is grounded upon a violation of his statutorily prohibited employment per se, and not upon an omission of a compliance with the statutory requirements in the regulatory procedures designed to enforce the prohibition.

In Hall v. Chatham Electric Light, Heat & Power Co., 220 App.Div. 18, 220 N.Y.S. 226, 228, affirmed 246 N.Y. 544, 159 N.E. 644, the court held that failure on the part of an employer to comply with certain "safety" sections of the Labor Law "does not render the employment of a boy over 16 years of age to work a violation of the Labor Law within the meaning of section 14–a of the Workmen's Compensation Law." § 14–a of the New York statute provided:

"1. Compensation and death benefits as provided in this article shall be double the amount otherwise payable if the injured employee at the time of the accident is a minor under eighteen years of age employed, permitted or suffered to work in violation of any provision of the labor law.

"2. The employer alone and not the insurance carrier shall be liable for the increased compensation. * * *

"3. A minor over sixteen years of age may apply for a certificate of age to the superintendent of schools or to an employment certificating officer. Upon such application a certificate of age * * * shall be issued to him if he furnishes such evidence that he is over sixteen years of age as is required for the issuance of an employment certificate. Such a certificate of age shall be conclusive evidence for an employer that the minor has reached the age certified to therein, and the provisions of this section shall not apply to the employer of such minor while the minor is engaged in employment lawful for the age and sex as certified to in the certificate of age."

In Tesar v. National Ventilating Co., 227 App.Div. 333, 237 N.Y.S. 488, 489, the certificate provided for in section 14–a(3) had not been issued, but the court followed the Hall case, supra, and held that the employment in which the minor was injured was lawful for one his age; and a statute which is violated by employment of a minor must be one which forbids his employment. The court also said:

"This section is penal in its effect, and a violation of the provisions of the Labor Law prohibiting the employment of a minor is a misdemeanor. Penal Law, § 1275, as amended by Laws 1921, c. 68; since amended by Laws 1928, c. 145. Such statute should be strictly construed and not extended by implication or construction beyond its terms as fairly interpreted. People v. Rosenberg, 138 N.Y. 410, 415, 34 N.E. 285; Wood v. Erie Ry. Co., 72 N.Y. 196, 198, 28 Am.Rep. 125."

In Carney v. Williams Press, 1952, 280 App.Div. 634, 117 N.Y.S.2d 251, 253, the claimant was 16 years of age when he was injured. He had procured the employment certificate required by statute but the employer had failed to comply with the Statute: (1) in not having kept the certificate on file in its office; (2) in not having re-

quired claimant to again sign it; (3) in not having notified the certificating officer of the employment upon. its commencement. The court said in part:

"Here, the claim is not based upon such a fundamental ground, for the employment itself had been duly authorized. Instead, it is founded upon an omission to comply with the statute's aforesaid procedural requirements which are designed for the enforcement of the underlying public purposes of the enactment, Labor Law, Art. 4, and the achievement of its objective."

"But not every violation of the labor law which consists of a noncompliance with its procedural requirements in regulating a duly permitted employment of minors authorizes the increased compensation under the Workmen's Compensation Law. It was so held in Matter of Sacripante v. United Metal Spinning Co., 299 N.Y. 419, 87 N.E.2d 437, where the employer had failed to mail the notices of the commencement and end of the employment. Such a violation of the labor law was held not to be within those referred to in the other statute. Workmen's Compensation Law, § 14-a. Here the violations were technical, consisting as they did of a mere noncompliance with certain procedural requirements."

In Rudy v. McClosky & Co., 348 Pa. 401, 35 A.2d 250, 254 the Supreme Court of Pennsylvania said:

" * * * A fatal weakness of appellee's position, in our opinion, is that there is a wide difference in the status of minors who are eligible for employment and those who are not. One who hires a boy under fourteen may be a flagrant violator of the law. One who fails to obtain an employment certificate for a 17½ year old boy, otherwise qualified, at most may be only negligent. In placing both in the same class, the section, by requiring double payment without regard to the difference in basic merit or the seriousness of the employer's offense, is arbitrary and capricious. * * *

" * * * Our conclusion is that an additional award of more than $10,000 to claimant in this case, is unreasonable and therefore unconstitutional either as compensation or as a penalty, or both, when the only violation of the Child Labor Law is the failure to secure an employment certificate for a minor, eligible for employment, which might have been had for the asking."

In the instant case, the employment was not unlawful per se. It was lawful under our statute for appellee to employ petitioner to do the work he was doing. The violation was the failure to procure and keep on file the certificate. Had the certificate been procured and filed, there would have been no violation. Our statute, Tit. 26 § 384, makes it a misdemeanor to violate any of the provisions of the article dealing with Child Labor.

We hold, therefore, in view of the strict construction which is given the penal provision, and the fact that we perceive no legislative intent to apply the penalty to the violation of purely procedural statutes, that unless the employer has permitted or suffered the minor to work at an employment banned by our Child Labor Act, no right arises for additional compensation under Tit. 26 § 258. There must be some relationship between the act violated by the employer and the injury suffered by the minor employee. Shipp v. Farrens Tree Surgeons, Fla., 72 So.2d 387; Lollie v. General Tank Storage Terminals, 160 Fla. 208, 34 So.2d 306.

In view of our holding, it is not necessary that we discuss appellee's contention that since petitioner's employment was covered by the Federal Fair Labor Standards

Act of 1938, that field became pre-empted and our state legislation in the same field was rendered unenforceable. It is sufficient to state that we reject the validity of this contention, as did the trial court. The Fair Labor Standards Act, § 18, 29 U.S.C.A. § 218, expressly recognizes state laws that establish a higher standard than that act, which the Alabama statute in question definitely does.

Appellee has cross-assigned errors complaining that the court awarded compensation on the basis of $50 per week instead of the average weekly earnings of $35 per week.

■■ We have approved the procedure of cross-assignments of error in workmen's compensation cases. Goodyear Tire & Rubber Co. of Ala. v. Downey, 266 Ala. 344, 96 So.2d 278; Agricola Furnace Co. v. Smith, 239 Ala. 488, 195 So. 743.

The trial court found as follows:

" * * * His average weekly earnings were approximately $37.00 per week, but the court finds that this was not a fair basis to determine said earnings because of the irregularity of the employment of the petitioner during the time that he was employed. The court is of the opinion that the hourly rate paid for work of this character would justify a finding that the petitioner's average weekly earnings would be $50.00."

Appellee argues that this finding is in conflict with Tit. 26 § 279(G), as amended, the pertinent part of which reads:

" * * * Where the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof which the employee earned wages shall be followed, provided results just and fair to both

parties will thereby be obtained. Where by reason of the shortness of the time during which the employee has been in his employment of his employer, or the casual nature or terms of the employment, it is impracticable to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks prior to the injury was being earned by a person in the same grade, employed at the same work by the same employer, and if there is no such person so employed, by a person in the same grade employed in the same class of employment in the same district."

We think the finding of the court comes within the principle in H. C. Price Co. v. Lee, 249 Ala. 230, 30 So.2d 579, 581, where, quoting from Garrison v. Woodward Iron Co., 210 Ala. 45, 97 So. 64, the court said:

" 'It must be observed that the method provided in this subdivision is not mandatory, as it contains a proviso giving the trial court the right to determine if said method will produce just and fair results to both parties. The trial court in effect found that, owing to the brevity of the employment, the spasmodic and interrupted nature of same, due to industrial conditions then existing, the method there set forth would not furnish a just and fair basis of the average weekly earnings of the intestate, and we cannot hold, as matter of law, that the trial court was wrong in this respect.'

"We are persuaded that the above quoted language from the Garrison case, supra, is conclusive in principle of the instant case. And it was said in County Coal Co. v. Bush, supra [215 Ala. 25, 109 So. 153], a case similar to the present one: 'In such a case as here presented, much must be left to the sound judgment and judicial discretion of the trial court.' "

We hold that the award was within the judicial discretion of the trial court and provided "results just and fair to both parties."

■ Appellee also complains of the following findings of the trial court:

" * * * On June 29, 1955 petitioner fell from a scaffold and suffered severe injuries including multiple fractures. This caused, for a time, complete paralysis of certain body functions and with other disabling effects. He had considerable hospitalization and extended treatment. A detailed discussion of the medical testimony is not necessary, but Dr. Fletcher Comer determined that his present condition at the time of the trial was temporary total. He was then in a cast following the fusion of some vertabrae and it was indicated that the cast would be on some time thereafter. Furthermore, that with the cast removed it would take some time for the patient to resume semi-normal activity and that thereafter the doctor *assumed* that his disability would be up to 45%, *assuming* good results were obtainable. There was other medical testimony which was substantially in accordance with the testimony of Dr. Comer."

Appellee objects to the use of the two emphasized words. We do not think the use of these two words makes the decree one "based purely on conjecture and speculation" as insisted by appellee in brief.

We hold that this feature of the judgment must be affirmed. United States Steel Corp. v. Martin, 267 Ala. 634, 104 So. 2d 475.

The judgment of the lower court is affirmed.

Affirmed.

LAWSON, SIMPSON and GOODWYN, JJ., concur.