■ In the Matter of the Claim of HARRY HEMSTREET, Respondent, v. WILSON CARPET CLEANING SERVICE, INC., Appellant, and U. S. FIDELITY & GUARANTY COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal from a decision of the Workmen's Compensation Board which awarded claimant double compensation benefits pursuant to section 14-a of the Workmen's Compensation Law. Claimant as a youth of 16½ years was employed as a helper in the employer's carpet-cleaning business. As part of the rug-cleaning process the rugs passed through a rug-wringing machine after they had been washed. The machine consisted of two rollers and the rug was fed into the machine by two men at opposite ends of the rollers and was removed by two men similarly situated on the other side of the machine. On May 21, 1956, while removing a rug from the wringing machine, the machine was reversed and claimant's right hand was caught between the rollers and severely injured. The board in affirming an award for double indemnity under the provisions of section 14-a of the Workmen's Compensation Law found " that the claimant worked on the rug wringing machine which was unguarded, in violation of Section 256 of the Labor Law [and] that he was employed, suffered and permitted to work on the unguarded machine in violation of Rule 19–23.2 of the Industrial Code ". The appellant-employer contends that there was no violation of these sections and that the decision is not supported by substantial evidence. We do not agree. Section 14-a of the Workmen's Compensation Law provides for double compensation. Rule 19–23.2 (12 NYCRR 19.23 [b]), the rule in question, reads: "No minor between the ages of 16 and 18 years shall be employed, suffered or permitted to work at any machine listed in the industrial code rules for the guarding of point of operation of dangerous machinery unless such machinery is equipped at the point of operation with such a guard as is specified therefor in said rules." Claimant testified that the wringer was unguarded and a senior factory inspector of the New York State Department of Labor who inspected the machine after the accident stated that he considered the wringer unguarded and in violation of law. The foreman on the job, claimant's father, testified that there was no device to prevent someone's hand being caught in the rollers. To be "guarded" an object must be "so covered, fenced or enclosed that accidental contact with the point of danger is reasonably remote" (12 NYCRR 19.1 [c]). The award of double indemnity is supported by substantial evidence. Appellant's contention advanced in the supplemental brief, based upon *Matter of Tesar* v.

*National Ventilating Co.* (227 App. Div. 333) was not raised on the application for review and is not before us (*Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646); but in any event the contention is without merit since *Tesar* was decided prior to the promulgation of any provision similar to that of present rule 19–23.2. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur.