In our review of this workmen's compensation case, we cannot disturb a finding of fact by the trial court but must accept such findings as conclusive if any legal evidence is supportive thereof. Agan v. Union Foundry Co., 404 So.2d 71 (Ala.Civ.App. 1981); Big "B" Discount Drugs, Inc. v. Parker, 401 So.2d 115
(Ala.Civ.App. 1981).
Evidence was presented that Capps was Smith's individual farm employee, and that Capps and his half-brother, Sorrells, were joint sub-contractors in cutting pulpwood for Smith's pulpwood corporation. For cutting and hauling the pulpwood, they were paid by the cord. As to the farm work, Capps and Sorrells each worked for approximately twenty-five hours per week and, as compensation, were given the joint use of a house therefor, the reasonable rental value of the house being $200 per month. Capps, Sorrells and Sorrell's family, which then consisted of his wife and seven children, resided in the Smith farmhouse.
Three of Capps' fingers on his left hand were injured by farm machinery while he was engaged in feeding Smith's cattle. As a result thereof his middle finger was amputated so that he lost more than one-half of its middle phalanx, and his ring finger was amputated at the tip of the middle phalanx. A laceration to his forefinger was sutured, and, evidently, he has no permanent disability connected with that finger. He had previously lost his little finger in a sawmill accident.
A physician testified that Capps could have grown a small tumor, called a neuroma, over nerve endings in the amputated fingers and that Capps could have pain upon touching the associated area over the neuroma.
Sorrells and Capps swore that he cannot grip or hold a chain saw, and that there is nothing which he can do as to cutting pulpwood. His fingers hurt on their ends. They are sore and hurt when he attempts to grip anything. He has been unsuccessful in his attempts to procure employment.
Capps is thirty-four years of age, never completed the first grade in school, has only done physical labor, and has full-scale, verbal and performance I.Q.'s in the fifties. This range of intelligence is classified as profoundly or severely retarded. He is very handicapped in communicating and possesses poor judgment skills. There was expert evidence that he was not mentally capable of doing anything other than manual labor and that the injuries which he received would incapacitate him more than a person who possesses a normal intellect. He was limited as to employment opportunities prior to the injury and the injury definitely added to that disability. His range of employment opportunities has been narrowed by his injury. The accident did not have any effect upon either his intelligence or his retardation.
The trial court ascertained that Capps' injury decreased his earning capacity and caused him to suffer a fifty percent permanent partial disability to his body as a whole.
The only injury indicated in the evidence was to the three fingers. Pain apparently existed only in the ends of the two amputated fingers.
The employer argues that the trial court should have awarded benefits only according to the schedules for the partial amputation of Capps' two fingers since there was no evidence that those amputations resulted in physical effects extending to other parts of his body. In Bell v. Driskill, 282 Ala. 640,213 So.2d 806 (1968) and in Dale Motels, Inc. v. Crittenden,50 Ala. App. 251, 278 So.2d 370 (1973), the following summary of the law as stated in 156 A.L.R. 1344 was adopted:
 The rule, however, is well established that where an employee has received a specific injury which spreads to other parts of the body and produces a greater or more prolonged incapacity than that which naturally results from the specific *Page 104 
injury, or the injury causes an abnormal and unusual incapacity with respect to the member, the employee is not limited to a recovery of the special allowance provided for in case of injury to a specific member or members, but may recover under the provisions of the act for compensation in case of disability. (Emphasis supplied.)
The first portion of that rule cannot apply to the present case for the injury did not spread to other parts of Capps' body. However, under the evidence as to Capps' lack of education, his retardation and work history and present lack of capabilities, the trial court could have legitimately concluded that the injury caused an abnormal and unusual incapacity, the second alternative contained in the rule. Thus, Capps was not limited in his recovery from Smith to the scheduled amount for the amputations of the two fingers, but he could recover compensation for a disability to the body as a whole. There is definite evidence, together with reasonable inferences therefrom, that would fully support a finding that the employee is now totally and permanently unemployable and that the injury produced such abnormal and unusual incapacities that he can no longer work or find employment in any field of endeavor.
Therefore, the trial court did not err in establishing a fifty percent permanent partial disability to Capps' body as a whole. Such finding is in accord with the present predominating rule which is stated in 2 Larson, Workmen's Compensation Law, § 58.23 as follows:
 Although it is difficult to speak in terms of a majority rule on this point, because of significant differences in statutory background, it can be said that at one time the doctrine of exclusiveness of schedule allowances did dominate the field. But in recent years there has developed such a strong trend in the opposite direction that one might now, with equal justification, say that the field is dominated by the view that schedule allowances should not be deemed exclusive, whether the issue is treatment of a smaller member as a percentage loss of a larger, or treatment of any scheduled loss as a partial or total disability of the body as a whole.
The employer further contends that Capps' average weekly wages should be computed upon, at the most, the sum of $25, being approximately one-half of the reasonable weekly rent of the farmhouse. The trial court determined that,
 Due to the long hours worked by the Plaintiff and the difficulty in arriving at a fair, reasonable, and equitable wage for the Plaintiff for his farm work, it is the decision of the court that the Plaintiff's average weekly wage for purposes of workmen's compensation benefits shall be the minimum wage as of January 1, 1980, which was $13.10 (sic) per hour times the average number of hours worked weekly on the Defendant's farm or $77.50 per week.
In this case, just and fair results to both parties were produced by utilizing the minimum hourly wage as then established by Congress. The method of computation of Capps' average weekly wages which was utilized by the circuit court did not constitute an abuse of that court's judicial discretion. Willis v. Storey, 268 Ala. 205, 105 So.2d 128
(1958); Patterson v. Whitten, 57 Ala. App. 297, 328 So.2d 301
(1976); Unexcelled Manufacturing Corp. v. Ragland, 52 Ala. App. 57, 289 So.2d 626 (1974).
Other issues raised by the employer shall not be discussed at length.
We construe the judgment of the trial court to be a determination that those particular injuries, without considering the prior loss of the little finger, proximately caused the disability as established by the trial court. Such a finding is not incompatible with the provisions of § 25-5-58 of the Code (1975) relating to the effect of pre-existing injuries.
The trial court did not abuse its discretion in taxing the employer with the costs of the two depositions which were introduced into evidence at the trial. § 12-21-143, Code (1975). *Page 105 
The judgment of the trial court substantially complied with §25-5-88 of the Code. Republic Steel Corp. v. Kimbrell,370 So.2d 294 (Ala.Civ.App.), cert. denied, 370 So.2d 297 (Ala. 1979). As to the appeal, we find no error and affirm.
Capps has cross-appealed and contends that he was an employee of Smith in the pulpwood work as well as on the farm and that his total wages from both jobs should be used in ascertaining his average weekly wages. The evidence was in dispute in that regard, and the trial court decided that issue against the employee. Since there was evidence which supported that holding of the trial court, we are not authorized to disturb its factual finding. Dennis v. Huff, 406 So.2d 412 (Ala.Civ.App. 1981). We affirm as to the cross-appeal.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.