EDWARD N. SCRUGGS, Retired Circuit Judge.
This is the second appeal of this workmen’s compensation case.
The first appeal by the city resulted in the judgment of the trial court being reversed as to the extent of the employee’s injury. City of Montgomery v. Johnson, 403 So.2d 244 (Ala. Civ. App. 1981). We there held that the evidence was insufficient to rebut the presumption as stated in Goodyear Tire & Rubber Co. v. Downey, 266 Ala. 344, 96 So.2d 278 (1957). The Downey rule is that, while actual post-injury earnings are presumed to be commensurate with earning capacity, the presumption may be rebutted by evidence that the employee’s post-injury earnings are an unreliable basis *913 for estimating his earning capacity or by evidence independently showing incapacity.
Upon the remand of this case, additional evidence was orally heard by the trial court. In its final judgment the circuit court made a detailed finding of fact and included a conclusion, in summary of all of the found facts, that the evidence overcame the actual earnings-earning capacity presumption. The trial court then ascertained that the employee’s earning capacity was decreased by ninety percent.
The city, as the sole issue in its present appeal, contends that the evidence was still inadequate to rebut the Downey presumption.
In workmen’s compensation cases, this court does not weigh the evidence in reviewing the matter. To the contrary, we are required to accept the findings of fact of the trial court as being true if there was any evidence before that court which supported such findings. Smith v. Capps, 414 So.2d 102 (Ala. Civ. App. 1982); Big “B” Discount Drugs, Inc. v. Parker, 401 So.2d 115 (Ala. Civ. App. 1981). We have carefully reviewed the evidence.' It contains the requisite facts supportive of the trial court’s judgment. We affirm.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.