THOMPSON, Presiding Judge.
In this workers’ compensation case, Lucas Jasper Denmark appeals from a judgment denying permanent-partial-disability compensation to him for an injury he received to his left ankle and denying double compensation.
The record in this case indicates the following. Denmark was a 16-year-old part-time employee of Industrial Manufacturing Specialists, Inc. (“IMS”), when he was injured in a work-related accident on March 9, 2006. Denmark testified that one of his duties at IMS was to use a band saw to cut metal-bar stock, or raw metal, which was sometimes up to 20 feet long, into smaller segments. On the day of the accident, Denmark and another IMS employee were loading metal-bar stock weighing 1,300 pounds onto a table in order to place it onto a conveyor roller so that it could be cut by the band saw. The other employee was using a forklift to help move the bar stock onto the table when one end of the bar stock fell on Denmark. Denmark was crushed under the bar stock, suffering internal injuries to his abdomen and intestines. He also suffered an open fracture to his left ankle.
*543 Denmark had surgery for his internal injuries. Those injuries have healed, and Denmark suffered no permanent physical impairment as a result of those injuries. On March 10, 2006, Denmark had another surgery to repair his fractured left ankle. During that surgery, Dr. Scott Sharp, an orthopaedic surgeon, inserted two screws into Denmark’s left ankle. Dr. Sharp monitored Denmark’s ankle as it healed. Three weeks after the surgery, Dr. Sharp discovered a lateral fracture in Denmark’s left ankle, but that fracture did not require surgery. On July 7, 2006, four months after the accident, Dr. Sharp determined that Denmark’s ankle injury had reached maximum medical improvement, and he allowed Denmark to return to full-duty work with no restrictions. Dr. Sharp testified that he did not believe that Denmark had sustained a permanent physical impairment as a result of his left-ankle injury. We note that the screws remain in Denmark’s ankle and that they will remain there “indefinitely.”
Denmark had played soccer before the injury. He testified that he attempted to resume playing in the fall of 2006; however, he said, he did not have the same speed or endurance that he had had before the accident. In January 2007, Denmark sought further treatment from Dr. Sharp for pain in his left ankle. Dr. Sharp testified that, at that time, Denmark probably had a left-ankle sprain resulting from overuse. Dr. Sharp did not believe Denmark’s ankle pain at that time was related to the March 2006 accident.
Denmark testified that he has continued to have pain in his left ankle. The pain is intermittent but is at times sharp and throbbing. Denmark said the pain travels “toward [his] foot or kind of up [his] leg.” Denmark said he does not take prescribed pain medication for his ankle pain, and the pain has not affected his day-to-day activities. He said that he experiences pain and swelling in his left ankle when he stands for an hour or two. When he squats, Denmark said, his left ankle becomes stiff.
After an ore tenus hearing, the trial court entered a judgment finding that Denmark had sustained a permanent partial physical impairment of his left ankle and awarded him the appropriate benefits for a 10% permanent partial loss of a foot, pursuant to § 25-5-57(a)(3)a.l4, Ala.Code 1975.
The trial court also determined that IMS had violated Alabama’s child-labor laws by having Denmark operate a band saw. However, the trial court noted, there was no evidence to indicate that the band saw had caused Denmark’s injury or that he had actually been operating the band saw at the time of the accident. Therefore, the trial court concluded, because there was “no nexus or causal connection between [Denmark’s] ankle injuries and his operation of the band saw,” Denmark was not entitled to double compensation for his injury, as he had requested. Denmark appealed from the judgment.
Denmark contends that his compensation should be based on the loss of the use of his left leg, not merely his left foot, as the trial court had found. The standard of appellate review in workers’ compensation cases is governed by § 25-5-81(e), Ala.Code 1975, which provides:
“(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
“(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.”
Substantial evidence is “ ‘evidence of such weight and quality that fair-minded *544 persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). Additionally, a trial court’s findings of fact on conflicting evidence are conclusive if they are supported by substantial evidence. Edwards v. Jesse Stutts, Inc., 655 So.2d 1012 (Ala.Civ.App.1995). “This court’s role is not to reweigh the evidence, but to affirm the judgment of the trial court if its findings are supported by substantial evidence and, if so, if the correct legal conclusions are drawn therefrom.” Bostrom Seating, Inc. v. Adderhold, 852 So.2d 784, 794 (Ala.Civ.App.2002).
Denmark argues that, because the ankle is above the foot and also because the pain from his ankle injury extends to his leg, he should be compensated for the loss of use of the leg, which would encompass an injury to the foot. In support of his argument, Denmark cites cases standing for the proposition that injuries extending from a larger scheduled member to a smaller component of that member should be compensated as injuries to the larger scheduled member, not to the body as a whole. See, e.g., Boise Cascade Corp. v. Jackson, 997 So.2d 1026, 1032 n. 8 (Ala. Civ.App.2007); Wolfe v. Dunlop Tire Corp., 660 So.2d 1345 (Ala.Civ.App.1995) (an injury to the knee, which is not a scheduled member, is to be compensated as an injury to the leg); and Simpson v. Dallas Selma Cmty. Action Agency, 637 So.2d 1360 (Ala.Civ.App.1994) (injury extending from left hand to left arm properly compensated as the loss of use of the left arm, and not to the body as a whole).
Here, Denmark does not argue that his injury falls outside of the schedule. Instead, he argues only that the injury to his ankle should be compensated as a loss of use of the leg rather than merely his foot. A permanent disabling injury to the ankle has been treated as a scheduled injury to the leg. See Loggins v. Mallory Capacitor Co., 344 So.2d 522, 524-25 (Ala.Civ.App.1977). However, the issue in that case was not whether the injury to Loggins’s ankle constituted a loss of use of her foot or a loss of use of her leg, as is the issue in this case. In Loggins, the trial court had found that Loggins suffered a 40% permanent partial loss of the use of her left leg and awarded benefits based on the partial loss of use of a scheduled member. Id. at 524. On appeal, Loggins asserted that the trial court should have found that she had received a permanent impairment of the body as a whole. This court affirmed the judgment, concluding that the evidence supported the trial court’s finding that Loggins had sustained an injury to a scheduled member. Id. at 525.
On the other hand, in Nolan v. Ernest Construction Co., 243 Ala. 460, 462, 10 So.2d 547, 549 (1942), the case relied on by the trial court, our supreme court upheld a judgment determining that an employee who had suffered a fracture in his lower leg and ankle should be compensated for the loss of use of his foot and not his leg because, as the trial court in that case found, there was no evidence indicating that the injury affected the employee’s leg above the knee. Moreover, we note that § 25-5-57(a)(3)a.l5, Ala.Code 1975, provides that an amputation between the knee and ankle shall be considered as the equivalent of the loss of a foot and not the loss of a leg.
In this case, two screws remain in Denmark’s left ankle. Denmark testified that he still has pain, stiffness, and swelling in his left ankle. When he stands for periods of an hour or two, Denmark said, his ankle swells and hurts him. If he squats, he said, his ankle stiffens. Denmark also said *545 that at times the pain extends from his ankle “kind of up [his] leg.” There is no evidence to suggest, however, that the pain extends to his knee or higher up his leg. Dr. Sharp testified that Denmark complained to him only of pain in his left ankle. In addition, Denmark testified that he does not use any special treatments or take prescription pain medicine for his pain and that pain has not affected his usual activities. Based on the evidence in the record, we conclude that substantial evidence supports the trial court’s finding that Denmark sustained a permanent partial loss of use of his left foot. Accordingly, that portion of the judgment is due to be affirmed.
Denmark also contends that he was entitled to receive double compensation for his injury because, he says, at the time of his injury he was improperly employed in a job that minors are precluded from performing under Alabama law.
The Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975, explicitly provides that it applies to “employees who are minors and who have been employed in accordance with or contrary to laws regulating the employment of minors.” § 25-5-34, Ala.Code 1975. That statute goes on to say that, “[i]f at the time of injury the minor was employed in violation of or contrary to the law regulating the employment or any part thereof, then the compensation shall be two times what it would be if the employment had been legal.” Id. Alabama’s child-labor laws prohibit any person under 18 years of age from being employed to operate any “power-driven metal forming, cutting, straightening, drawing, punching, or shearing machines,” or “any circular saws, band saws, or guillotine shears.” § 25-8-43(a)(12) and (16), Ala.Code 1975.
In this case, the trial court found that “[t]he fact [IMS] required or allowed [Denmark] to operate a band saw appears to be a clear violation of § 25-8-43(a)(16).” However, because Denmark was not actually operating the band saw at the time of the accident and because the band saw was not the source of his injuries, the trial court determined that there was “no nexus or causal connection” between Denmark’s injuries and the activity prohibited by § 25-8-43(a)(16). Accordingly, the trial court concluded that Denmark was not entitled to double compensation for his injury.
In denying Denmark double compensation, the trial court relied on Willis v. W.C. Storey, 268 Ala. 205, 105 So.2d 128 (1958). In that case, Willis was a minor at the time of his work-related accident, but he was working under an apprenticeship agreement with a local union. Id., 268 Ala. at 207, 105 So.2d at 129. The opinion pointed out that both Willis and the employer had complied with all federal regulations. When Willis was injured, he sought double compensation from his employer on the ground that it had failed to procure and have on file the employment certificate required by Title 26, § 352, Ala. Code 1940. Our supreme court affirmed the denial of double compensation in that case. It determined that there was no legislative intent to apply the penalty of double compensation to “the violation of purely procedural statutes” and that, “unless the employer has permitted or suffered the minor to work at an employment banned by our Child Labor Act, no right arises for additional compensation.” Id., 268 Ala. at 209, 105 So.2d at 132. The Willis court went on to hold that “[t]here must be some relationship between the act violated by the employer and the injury suffered by the minor employee.” Id.
The circumstances in this case are distinguishable from those in Willis in that there was no contention that Willis was engaged in a prohibited job when his accident occurred. In this case, however, the *546 evidence was undisputed that Denmark’s job at IMS was to operate the band saw to cut metal-bar stock. At the time of the accident, Denmark was maneuvering a 1,300-pound length of bar stock so that the bar stock could be cut with the band saw. In other words, as part of his job operating the band saw, Denmark had to position the bar stock so that it could be fed through the band saw. Although Denmark was not cut or otherwise injured by the band-saw blades, he was nonetheless working at a job that minors are prohibited from performing when the accident occurred. Thus, there was a nexus or causal connection between the task Denmark was performing at the time of the accident and IMS’s violation of the child-labor laws. Under the facts of this case, we do not reach the issue suggested by IMS that an employee hired to do a job in violation of child-labor laws but who is not actually engaged in a prohibited job at the time of a work-related injury is not entitled to double compensation.
We conclude that, at the time of the accident that caused his injuries, Denmark was employed in violation of § 25-8-43(a)(16); therefore, he was entitled to receive double compensation for his injury. Accordingly, that portion of the trial court’s judgment denying Denmark double compensation is reversed, and this cause is remanded for the trial court to enter a judgment consistent with this opinion. The remainder of the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.